# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2748

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Crystal Blanton, | * |
| | * |
| Appellant. | * |

_____

No. 01-2878

_____

Appeals from the United States
District Court for the
District of Nebraska.

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Crystal D. Blanton, | * |
| | * |
| Appellee. | * |

_____

Submitted:  December 10, 2001

Filed:  February 27, 2002

_____

Before WOLLMAN,[1] Chief Judge, HANSEN, Circuit Judge, and FENNER,[2] District
     Judge.
                              _____

WOLLMAN, Chief Judge.

       Crystal Blanton appeals the denial of her motion for judgment of acquittal after
her conviction for perjury pursuant to 18 U.S.C. § 1623(a). The United States cross
appeals the district court's application of the United States Sentencing Guidelines.
We affirm the conviction, vacate the sentence, and remand to the district court for
resentencing.


                                     **I.**


       In early 2000 a string of bank robberies was perpetrated in eastern Nebraska.[3]
Two of those robberies are of interest to this appeal. The First National Bank in
Omaha was robbed on February 16, 2000 (the Omaha robbery). A witness reported
that the robbers switched from the SUV used to flee the scene to a white Monte Carlo.
On March 14, 2000, the Westgate Bank in Lincoln was robbed (the Lincoln robbery).
James Allee and Justin Allee (the Allees) were arrested for the Lincoln robbery. A
grand jury was convened to investigate the robberies and to determine whether the
Allees were involved.

---

       [1]The Honorable Roger L. Wollman stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on January 31,
2002. He has been succeeded by the Honorable David R. Hansen.

       [2]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri, sitting by designation.

       [3]For a companion case arising from this series of robberies see United States
v. Jimenez, No. 01-2290 (8th Cir. 2002).

On April 18, 2000, Blanton was called to testify before the grand jury concerning a white Monte Carlo that witnesses saw in her garage around the time of the Omaha robbery. Both before and during her testimony, the Assistant United States Attorney (AUSA) informed Blanton that the grand jury was investigating a series of bank robberies and that it was particularly interested in money, weapons, and vehicles, particularly a white Monte Carlo. Blanton denied that any white car was ever stored in her garage. As a result of her testimony before the grand jury, Blanton was indicted for perjury on May 17, 2000, and was convicted on January 9, 2001.

The district court denied Blanton's motion for judgment of acquittal at the close of the government's case in chief, as well as that made after the jury returned its guilty verdict. At sentencing, the court found that Blanton's false statement was not "in respect to a criminal offense" within the meaning of U.S.S.G. § 2J1.3(c)(1) and thus refused to apply the sentencing formula set forth in U.S.S.G. § 2X3.1, resulting in a base offense level of 12 and a sentencing range of 10 to 16 months. The district court sentenced Blanton to ten months' imprisonment.

## II.

Blanton argues that the district court erred in denying her motion for judgment of acquittal based on insufficiency of the evidence. We review a denial of a motion for judgment of acquittal using the same standard as the district court. United States v. Bredell, 884 F.2d 1081, 1082 (8th Cir. 1989). "A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." Id. (internal quotes and citations omitted).

To establish a violation of 18 U.S.C. § 1623(a), the government must prove that 1) the witness was under oath; 2) the testimony was given in a proceeding before a

grand jury; 3) the statement was false; 4) the witness knew the statement was false at the time it was made; and 5) the statement was material. Cf. United States v. Roenigk, 810 F.2d 809, 813 (8th Cir. 1987) (listing elements of violation where false statement was made at trial). Blanton contends that the evidence presented by the government was insufficient to prove knowledge and materiality beyond a reasonable doubt. We disagree.

The evidence concerning Blanton's knowledge is circumstantial, and its probative force is dependent upon the jury's evaluation of the credibility of the witnesses. "A conviction may be based on circumstantial evidence as well as direct evidence." Id. "[D]ecisions regarding the credibility of witnesses are to be resolved in favor of the jury's verdict." United States v. Nelson, 970 F.2d 439, 443 (8th Cir. 1992). The government presented the testimony of two witnesses that a white car, possibly a Monte Carlo, had been in Blanton's garage. The government also presented evidence that the garage could only be accessed by using a key, that Blanton held the only key to her garage, and that in the past anyone who wanted to enter the garage had to ask Blanton for the key. Blanton presented evidence that she did not know about a car because she was spending little time at her apartment, that she had lost the garage key, and that the garage was accessible even without a key. Because the jury was entitled to believe the government's witnesses and reject Blanton's explanations, Blanton's challenge to the sufficiency of the evidence fails.

Blanton next argues that the statement was not material. "The test of materiality is 'whether or not the statements alleged to be perjurious tend to impede or hamper the course of the investigation by the grand jury.'" United States v. Ostertag, 671 F.2d 262, 264 (8th Cir. 1982) (quoting United States v. Phillips, 540 F.2d 319, 328 (8th Cir. 1976)). "The statements need not be material to any particular issue, but may be material to any proper matter of inquiry." Id. Because the grand jury was investigating a bank robbery in which a white Monte Carlo was used as a switch car, the issue of whether a white Monte Carlo was stored in Blanton's garage

was clearly a proper matter of inquiry. At trial, the government presented testimony from the foreperson of the grand jury that Blanton's statement limited the scope of the investigation regarding the white Monte Carlo. Accordingly, we conclude that a reasonable jury could have found beyond a reasonable doubt that because Blanton's statement terminated a potentially fruitful line of inquiry, it impeded or hampered the grand jury's investigation and thus was material.

## III.

The government argues that the district court misapplied the sentencing guidelines by not applying the cross reference in U.S.S.G. § 2J1.3(c)(1), which states: "If the offense involved perjury . . . in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect that criminal offense, if the resulting offense level is greater than that determined above." Section 2X3.1 provides that the base offense level for an accessory after the fact is "6 levels lower than the offense level for the underlying offense, but in no event less then 4, or more than 30."

The government contends that because it advised Blanton before and during her grand jury testimony that the focus of the investigation was a series of bank robberies and because it specifically stated that part of that investigation included its interest in a white vehicle, possibly a Monte Carlo, any knowingly made false statement about the vehicle was in respect to the offense of robbery.

The government's contention raises questions of fact and questions of law. In sentencing guidelines cases, we review the district court's findings of fact for clear error. United States v. Larson, 110 F.3d 620, 627 (8th Cir. 1997) (citing United States v. Lamere, 980 F.2d 506, 510 (8th Cir. 1992)). Whether perjury was "in respect to a criminal offense" is an issue of fact. United States v. Colbert, 977 F.2d 203, 207 (6th Cir. 1992). "Interpretation of the sentencing guidelines and application of the guidelines to the facts of the case [are] subject to a de novo standard of review,

however." United States v. Roggy, 76 F.3d 189, 192 (8th Cir. 1996) (citing United States v. Willis, 997 F.2d 407, 417 (8th Cir. 1993)).

In sustaining Blanton's objection to the presentence investigation report and refusing to apply the cross reference, the district court stated that "notice to the defendant that you are investigating 'x' number of crimes in the grand jury doesn't get you to the enhancement, because the enhancement is basically made for people that are accessories after the fact." (Tr. of Sentencing Proceedings at 416.) Application of the cross reference, however, only imposes § 2X3.1's sentencing formula. It does not require that the defendant be found in any degree to be an accessory to the underlying crime. United States v. Gay, 44 F.3d 93, 94-95 (2d Cir. 1994); cf. United States v. Russell, 234 F.3d 404, 409-410 (8th Cir. 2000) (applying § 2X3.1 enhancement in case of § 2J1.2 cross reference).

The Ninth Circuit has held that a perjurious statement "is in respect to a criminal offense where 'the defendant knew or had reason to know, at the time of his perjury, that his testimony concerned such a criminal offense.'" United States v. Leon-Reyes, 177 F.3d 816, 824 (9th Cir. 1999) (quoting United States v. Rude, 88 F.3d 1538, 1543 (9th Cir. 1996)). Similarly, the Second Circuit has found that "as long as the witness has been alerted to the fact that the grand jury is investigating a criminal offense, false answers to material questions will almost always merit enhanced punishment." United States v. Suleiman, 208 F.3d 32, 39 (2d Cir. 2000). In Suleiman, the court found that because an AUSA notified and questioned the witness about the nature of the grand jury inquiry, the witness could "not avoid the enhancement." Id. at 40. We agree with these two holdings, and accordingly we hold that a witness is put on notice when an AUSA informs that witness of the nature of the grand jury's inquiry either prior to or during her grand jury testimony.

Although the district court made no factual findings as to whether the exchanges between Blanton and the AUSA were sufficient to put Blanton on notice,

we conclude that any finding that they were not sufficient would be clearly erroneous. Accordingly, on remand the sentence imposed should be based upon the offense level resulting from the application of § 2J1.3(c)(1) and § 2X3.1 that is required under the provisions of this opinion.

We affirm Blanton's conviction, vacate her sentence, and remand to the district court for resentencing consistent with the views set forth in this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.