# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3945

_____

United States of America,                  *
                                            *
                    Appellee,               *
                                            *   Appeal from the United States
        v.                                  *   District Court for the Southern
                                            *   District of Iowa.
Sandro Zamudio-Martinez, also               *       [UNPUBLISHED]
known as Alfredo Perez                       *
Martinez, also known as Alfred              *
Martinez Perez,                             *
                                            *
                    Appellant.              *

_____

Submitted:  July 2, 2003

Filed:  July 8, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Sandro Zamudio-Martinez pleaded guilty to unlawfully reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a).  The district court[1]

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

sentenced Zamudio-Martinez to 57 months of imprisonment and 3 years of supervised release. He appeals his sentence, and we affirm.

For reversal, Zamudio-Martinez first argues that the district court lacked authority to sentence him under 8 U.S.C. § 1326(b) because the indictment charged only a violation of section 1326(a). The argument is unavailing, however, because section 1326(b) does not define a crime separate from section 1326(a). See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).

Zamudio-Martinez also argues that the district court should not have assessed 2 criminal history points for committing the instant offense while he was serving a term of probation, see U.S.S.G. § 4A1.1(d), because he never signed a probation contract and thus was not under a probation sentence at the time of his illegal reentry. We disagree. The district court did not err in rejecting Zamudio-Martinez's legally unsupported contention that his failure to enter into a probation contract, as required by the terms of the state-court order imposing the sentence of probation, somehow negated his probationary status. See United States v. Blanton, 281 F.3d 771, 775 (8th Cir. 2002) (district court's findings of fact reviewed for clear error; interpretation and application of Guidelines reviewed de novo).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.