# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2244

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| David Hirsch, | * | |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: February 11, 2004

Filed: March 15, 2004

_____

Before BYE and HEANEY, Circuit Judges, and HOVLAND,[1] District Judge.

_____

BYE, Circuit Judge.

This appeal involves a challenge to David Hirsch's conviction on one count of perjury in violation of 18 U.S.C. § 1623, which arose from Hirsch's false testimony at a previous trial in which he was acquitted of two firearms charges. On appeal,

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

Hirsch contends the district court[2] erred in denying his motions to dismiss, for judgment of acquittal, and for a new trial on the perjury charge. We affirm.

I

On May 18, 2001, the North Central Iowa Narcotics Task Force conducted a search of the David Vorland residence and found items associated with manufacturing methamphetamine. In the detached garage, officers found a Chevy Blazer (the Blazer) registered to Hirsch. In the Blazer officers found items associated with manufacturing methamphetamine. In the back yard, officers found a black GMC Jimmy (the Jimmy) also registered to Hirsch. Officers found several items in the Jimmy, including: a large number of items used to manufacture methamphetamine; Hirsch's address book; a receipt for muriatic acid (a substance used in manufacturing methamphetamine) dated May 18, 2001; a loaded .380 caliber handgun in the front seat; and a box of .380 caliber ammunition in the Jimmy.

At his trial on the charge of being a drug user in possession of a firearm, Hirsch testified the Jimmy (in which police found the handgun) had been inoperable for a couple of months. The government alleged Hirsch had driven the vehicle the very morning on which the gun was found. Hirsch claimed that on the day of the search he was dropped off at the Vorland residence and had only been in the back of the Jimmy where he placed the receipt for the muriatic acid. He was acquitted on the gun charge. In response to questions by his attorney, Hirsch testified as follows:

---

[2]The Honorable Mark W. Bennett, United States District Judge for the Southern District of Iowa.

a.[3]    Question: With regards to the GMC Jimmy, had that vehicle been at the Vorland property long?

        Answer:        Approximately two months.

        Question:        Why is that?

        Answer:        The – it didn't run.  The engine starter was out of it.

On cross examination, Hirsch gave additional statements about how long and why the Jimmy was sitting on the Vorland property prior to the search.

b.    Question:    So what was your truck doing on the Vorland property all this time?

        Answer:    I needed a place to store it and – because it didn't run.

        Question:    Okay.  So your testimony is you took it out there and dropped it off and it stayed there until we found it on May 18.

        Answer:    That's correct.

        Question:    Okay.  And it was parked there the whole time and wouldn't move?

        Answer:    Yes, that's correct.

c.    Question:    During – let me back up.  You parked your vehicle you said about two months before the search?

---

[3]In the perjury trial, Hirsch's various statements about the Jimmy were referred to separately by letter, the government having alleged that each separately constituted perjury.

Answer:          Approximately, yes.

Question:        Okay.  And so this would have been – May 18, would
                 have been, what, March 18 roughly?

Answer:          Roughly in that time frame, yes.

d.    Question:        Okay.  The Blazer you hadn't left like the other vehicle
                 there for a long time?

Answer:          No, the other vehicle – the Blazer was my daily runner.
                 It was just I needed repairs on it.  The GMC was there
                 because it didn't run.  I didn't really have the time or the
                 money to fix it until – I planned on fixing it with the
                 $295 but . . .

The jury acquitted Hirsch on the gun charges.  The government then brought perjury charges against Hirsch for his allegedly false statements.  The jury convicted Hirsch, finding his answers to questions a, b, and d constituted perjury, and he was sentenced to an additional forty-one months.  This appeal followed.

II

In this appeal from the perjury conviction, Hirsch contends the district court erred when it denied his motion to dismiss the indictment on the ground it failed to allege a crime.  He argues the allegedly perjurious statements were "literally true" or the questions and answers were vague and ambiguous such that he could not be found to have committed perjury.  This court reviews de novo a district court's ruling regarding dismissal of an indictment for failure to state an offense.  United States v. Ferro, 252 F.3d 964, 965-66 (8th Cir. 2001).

Pursuant to 18 U.S.C. § 1623, it is a crime for a person to knowingly make "any false material declaration" under oath "to any court or grand jury of the United

-4-

States."  The perjury indictment alleged Hirsch knowingly made a number of materially false statements under oath in the district court during his trial on the gun charge.

Hirsch's testimony was not fundamentally vague or ambiguous.  His statement the Jimmy was parked on the Vorland property for "approximately two months" was clear and unambiguous.  The clear implication of this testimony was Hirsch had not driven the Jimmy on the day of the search, because it "did not run."  His motion to dismiss amounted to no more than a request for the court to determine his guilt or innocence based on factual elements of the offense which were within the purview of the jury to decide at trial.  See United States v. Robbins, 997 F.2d 390, 395 (8th Cir. 1993) (stating "absent fundamental ambiguity or imprecis[ion] in the questioning, the meaning and truthfulness of a declarant's answer is for the jury").  See also United States v. Williams, 552 F.2d 226, 229 (8th Cir. 1977) (stating "[t]he intended meaning of a question and answer are matters for the jury to decide").  We agree with the district court it was for the jury to decide whether Hirsch's statements could be shown to be false by the evidence indicating how long the Jimmy was on the Vorland property and whether it ran.

Hirsch next contends the district court erred in denying his motion to dismiss because his perjury prosecution was either vindictive or selective.  This court reviews a district court's denial of a motion to dismiss an indictment on a claim of selective or vindictive prosecution for an abuse of discretion.  United States v. Kelley, 152 F.3d 881, 885 (8th Cir. 1998).

Hirsch has the burden of proving the government engaged in selective prosecution.  Id.  In order to make a prima facie case of selective prosecution, he must show:  (1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose.  United States v. Perry, 152 F.3d 900, 903 (8th Cir. 1998).  Hirsch argues others similarly situated were not

prosecuted and the government's decision to prosecute was motivated by the fact he exercised his constitutional right to testify at his own trial. There is no credible evidence in the record to establish a prima facie case of selective prosecution, and Hirsch's conclusory assertion that discrimination is "easily and readily apparent" is wholly insufficient to support his claim of selective prosecution.

Hirsch also raises an argument of vindictive prosecution. He has the burden of establishing vindictiveness, in the sense of bad faith or maliciousness. Kelley, 152 F.3d at 885. A mere allegation the government was prosecuting defendant because it was upset over losing at trial is not enough to establish vindictiveness. United States v. Arias, 575 F.2d 253, 255 (8th Cir. 1978). As with his selective prosecution claim, we conclude Hirsch has failed to make a threshold showing the government engaged in improper vindictive prosecution, and his conclusory allegations are insufficient to support his claim.

Hirsch next claims, in the alternative, the district court erred in denying him discovery as to his claims of selective or vindictive prosecution. A district court's decision whether to hold an evidentiary hearing or grant discovery requests with regard to claims of selective or vindictive prosecution will be overturned only upon a showing of abuse of discretion. Kelley, 152 F.3d at 885. In order to obtain discovery, Hirsch had to produce at least some credible showing of differential treatment of similarly situated members of other races or a protected class. United States v. Perry, 152 F.3d 900, 903 (8th Cir. 1998). He has failed to make this showing, and thus the district court did not abuse its discretion in denying his discovery requests.

Hirsch next contends the district court erred in denying his renewed motion for judgment of acquittal or motion for a new trial on the basis of insufficient evidence to support the perjury conviction. When reviewing the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict rendered and

accept all reasonable inferences which tend to support the jury verdict. United States v. Espino, 317 F.3d 788, 792 (8th Cir. 2003). While the evidence need not preclude every outcome other than guilty, we consider whether it would be sufficient to convince a reasonable jury beyond a reasonable doubt. United States v. Roach, 28 F.3d 729, 736 (8th Cir. 1994). This court will reverse for insufficient evidence only if no reasonable jury could have found Hirsch guilty beyond a reasonable doubt. United States v. Henderson-Durand, 985 F.2d 970, 975 (8th Cir. 1993). This court will reverse a district court's denial of a motion for new trial if the district court abused its discretion. United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002); United States v. Espinosa, 300 F.3d 981, 983 (8th Cir. 2002). Pursuant to Fed. R. Crim. P. 33, the district court may grant a motion for a new trial "if the interests of justice so require."

Hirsch contends the evidence was insufficient to demonstrate he knowingly made false material statements. In order to convict him of perjury, the government had to prove the following four elements beyond a reasonable doubt: (1) Hirsch gave the testimony under oath in his criminal trial; (2) such testimony was false in whole or in part; (3) at the time he so testified, he knew his testimony was false; and (4) the false testimony was material. See United States v. Blanton, 281 F.3d 771, 774 (8th Cir. 2002).

We find there was ample evidence to establish Hirsch's statements were false and he knew them to be false. An investigator testified he was able to start the Jimmy with very simple maintenance, and three weeks prior to the search an officer called in the license plate from the Jimmy while patrolling a town miles away from the Vorland residence. Several witnesses testified they saw Hirsch driving the Jimmy on multiple occasions in the two months preceding the search. Several witnesses also testified they did not see the Jimmy sitting on the Vorland property during the two month period prior to the search. In fact, two witnesses testified they saw Hirsch drive the Jimmy onto the Vorland property the morning of the search. Also, a receipt

found in the back of the Jimmy dated the same day as the search, suggested the Jimmy was driven that day. And the grass beneath the Jimmy was not yellowed or longer than the surrounding grass, as one would expect it to be had it sat in one spot for two months.

Turning to the question of whether Hirsch's false statements were material to his defense, the test of materiality is "whether or not the statements alleged to be perjurious tend to impede or hamper the course" of the proceeding. Blanton, 281 F.3d at 775 (internal citations and quotations omitted). "The statements need not be material to any particular issue, but may be material to any proper matter of inquiry." United States v. Ostertag, 671 F.2d 262, 264 (8th Cir. 1982). In this case, whether the vehicle was broken and sitting on the property for a long period of time was material because it hampered the jury's ability to evaluate whether Hirsch knowingly possessed the loaded handgun found inside the Jimmy.

For these reasons, we affirm the district court's denial of Hirsch's motions to dismiss, for judgment of acquittal, and for a new trial.

_____