# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2324

_____

United States of America,           *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
      v.                             *    District Court for the Northern
                                     *    District of Iowa.
Steven Black Devine,                 *
                                     *         [UNPUBLISHED]
            Appellant.               *

_____

Submitted: November 13, 2006
     Filed:  November 21, 2006

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Steven Black Devine appeals his sentence after conviction of making a false declaration before a grand jury in violation of 18 U.S.C. § 1623(a). Devine argues that the district court[1] erred in finding his perjury was "in respect to a criminal offense," and that his sentence is unreasonable.

While questioning Devine before the grand jury, an Assistant United States Attorney told Devine that the grand jury was "empowered to investigate possible

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

violations of federal law." Further, Devine was informed that "[t]his particular investigation involves matters related to the manufacture of methamphetamine, the distribution of pseudoephedrine, and matters related to that." Devine then, admittedly, falsely answered questions involving the sale of pseudoephedrine.

At sentencing, the district court reviewed with Devine his plea agreement, including the possibility of a maximum of five years (60 months') incarceration. After argument, the district court concluded that the false testimony was "in respect to a criminal offense." Thus, under United States Sentencing Guidelines Manual § 2J1.3(c)(1), the advisory guideline for perjury, the district court was required to cross-reference U.S.S.G. § 2X3.1, the guideline for acting as an accessory after the fact. The district court found that under section 2X3.1 Devine's level was 29, gave a two-level adjustment for acceptance of responsibility, and, with Devine's category I criminal history, found his advisory range to be 70 to 87 months' incarceration.

Devine requested a variance, arguing that policies of Devine's employer pharmacy mitigated his role in the sale of pseudoephedrine. After reminding counsel that the charged crime was perjury rather than the sale of pseudoephedrine, the district court sentenced Devine to the perjury statutory maximum of 60 months' incarceration.

Devine argues that the district court erred in finding his perjury was "in respect to a criminal offense." The determination that testimony is "in respect to a criminal offense" is a factual finding reviewed for clear error. United States v. Blanton, 281 F.3d 771, 775 (8th Cir. 2002). Citing law from other circuits, Devine suggests that in order for him to have testified "in respect to a criminal offense" the Government must have put him on notice, before his testimony, of the specific details of the grand jury's investigation. However, Blanton holds that a witness is provided sufficient notice of the grand jury's investigative target when he or she is advised of "the *nature* of the grand jury's inquiry." Id. at 776 (emphasis added). Because Devine knew that the grand jury was investigating the manufacture of methamphetamine and

distribution of pseudoephedrine, as well as related matters, we find no clear error in the district court's determination that the perjury was "in respect to a criminal offense."

Devine further argues that the district court refused to consider his argument for a variance based on the policies of his employer. Devine suggests that this failure to grant the variance results in an unreasonable sentence. We review for abuse of discretion. E.g., United States v. Likens, 464 F.3d 823, 825 (8th Cir. 2006).

Here, the advisory range as calculated by the district court suggested 70 to 87 months' incarceration. The statutory maximum, however, was 60 months. 18 U.S.C. § 1623(a). When the statutory maximum is below the minimum of the applicable guideline range, the statutory maximum becomes the advisory sentence. U.S.S.G. § 5G1.1(a).

The district court, in determining Devine's sentence, considered the pre-sentence investigation report, briefing and argument, statements by Devine at sentencing and when pleading guilty, as well as his age, education, and honorable discharge. Further, the district court considered the 18 U.S.C. § 3553(a) factors reflecting the need for adequate deterrence, the seriousness of the criminal conduct, and the need to avoid unwarranted sentence disparities. After considering similar cases, and noting the seriousness of lying before a grand jury, the district court denied the request for a variance and sentenced Devine to 60 months' incarceration.

The only basis Devine provides for arguing his sentence is unreasonable is that the district court did not grant a variance based on his employer's pseudoephedrine distribution policy. The basis for the variance is an attempt to justify the distribution of pseudoephedrine rather than the perjury for which Devine pled guilty. Given that there is no relevant basis for a variance, and that the district court correctly calculated the guideline range and considered the 18 U.S.C. § 3553(a) factors, we find no abuse

of discretion in denying the variance and sentencing Devine to the statutory maximum advisory sentence.

We affirm the district court in all respects.

_____