# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1991

_____

United States of America,

        Appellee,

v.

Walter E. Sewell, also known as
food4less,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*
\*
\*

_____

Submitted: November 13, 2007
Filed: January 17, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Walter E. Sewell was charged, *inter alia*, with publishing or causing to be published a notice that offered to distribute child pornography in violation of 18 U.S.C. § 2251(d)(1)(A). Sewell filed a motion to dismiss for failure to state an offense. The district court[1] denied the motion, and Sewell appeals. We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

I.      Background

        Sewell admits that he acquired and distributed child pornography using a peer-to-peer file-sharing program called Kazaa. Kazaa is a computer program that connects a computer to other computers on which the Kazaa program is also running. Kazaa's purpose is to allow users to download each other's shared files. The Kazaa program allows the user to designate which folders—and therefore which files—on his computer are shared with other Kazaa users. Each shared file has several descriptive fields that are viewable by other Kazaa users. These fields generally describe the file's contents and can be edited by a file's possessor. Kazaa makes each user's shared files discoverable to other users by allowing any user to perform a keyword search of the descriptive fields of all shared files. Files with descriptive fields containing the search term are listed for the searcher, who can then see all the descriptive fields for each file on the list. Based on these descriptions, the searcher decides which of the available files to download onto his computer. The searcher is likewise free to refrain from downloading a file in which, based on its descriptive fields, the searcher is uninterested.

        Sewell was indicted on several counts, including publishing and attempting to publish a notice that offered to distribute child pornography, distributing and attempting to distribute child pornography, and possession of child pornography in violation of various provisions of 18 U.S.C. §§ 2251 and 2252. In a prior interlocutory appeal stemming from those charges, we reversed an order that would have prohibited the government from showing at trial some of the actual pictures recovered from Sewell's computers. See United States v. Sewell, 457 F.3d 841 (8th Cir. 2006). Sewell was subsequently charged with one count of publishing a notice that offered to distribute child pornography in violation of § 2251(d)(1)(A).[2] He then

_____

        [2]This count was charged by information after Sewell waived his right to be proceeded against by indictment.

pleaded guilty to one count of distributing child pornography and to one count of publishing a notice. He preserved, however, his right to file the motion to dismiss the § 2251(d)(1)(A) charge and to appeal an adverse disposition of that motion.

II.    Analysis

We review *de novo* a district court's denial of a defendant's motion to dismiss an indictment for failure to state an offense. United States v. Hirsch, 360 F.3d 860, 863 (8th Cir. 2004). An indictment adequately states an offense if:

> it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002) (quoting United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993)). An indictment is normally sufficient if its language tracks the statutory language. Hamling v. United States, 418 U.S. 87, 117 (1974).

Sewell was charged with violating 18 U.S.C. § 2251(d)(1)(A), which criminalizes behavior that "knowingly makes . . . or causes to be made . . . any notice . . . offering . . . to . . . distribute[] or reproduce" child pornography across state lines. Sewell concedes that his actions in using Kazaa to download and distribute child pornography across state lines were done knowingly and that he was responsible for child pornography being in his shared folder. See generally United States v. Shaffer, 472 F.3d 1219 (10th Cir. 2007) (discussing in detail how Kazaa works and holding that the use of Kazaa to share child pornography is sufficient to uphold a conviction

for the knowing distribution of child pornography). Sewell argues that the indictment does not allege that the notice contained an offer to distribute child pornography, which is an essential element of the offense.

It is not disputed that the charging language closely tracks the language of § 2251(d)(1)(A), that it fairly informs Sewell of the charge, and that it alleges sufficient information to allow him to plead a conviction or an acquittal as a bar to subsequent prosecution. In contradiction to Sewell's assertion, the government expressly charged that Sewell used Kazaa to cause a notice to be made, and that "the notice offered to display, distribute, and reproduce" child pornography in interstate commerce. Appellee's App. at A74. The context clearly demonstrates that Sewell was offering to distribute child pornography. Kazaa's purpose is to allow users to download each other's files, and the purpose of the descriptive fields is to alert interested users to the content of downloadable files. A keyword search of descriptive fields in Kazaa does not download the file. The search simply creates a list of downloadable files that contain the keyword in the file's descriptive fields. This list then displays the full descriptive fields for each listed file. Based on the notice the searcher has now been given regarding what other users are offering, the searcher can then choose to download the child pornography to his computer. In the context of the Kazaa program, placing a file in a shared folder with descriptive text is clearly an offer to distribute the file. To fit this situation within the Tenth Circuit's apt analogy, see Shaffer, 472 F.3d at 1223-24, a Kazaa file's descriptive fields are like a roadside sign to a self-serve gas station at which the owner need not be present to distribute fuel to passing motorists. No one would stop at the station without the sign telling them where the gas station is; the context of such a sign tells motorists that the owner of the station is offering to distribute fuel to them. Sewell concedes that he distributed child pornography using Kazaa, and this process depends on adequate notice first being given to the recipients via the descriptive fields.

Sewell's effort to distinguish Kazaa from Internet chat rooms is unpersuasive, and users of Internet chat rooms have been convicted under the statute currently denominated § 2251(d). See, e.g., United States v. Rowe, 414 F.3d 271 (2d Cir. 2005). In chat rooms, the distributor of the child pornography describes the content that he is willing to share by using words that are viewable by other users of the chat room, and he posts instructions on how to access the distributor's server and download the content. No further communication between the distributor and recipient is required. Kazaa simply makes this process more efficient: the description of the offered content is attached to each file and is searchable by using Kazaa, and there is no need for instructions on server access because Kazaa simplifies the downloading process to the click of a button. The difference between the two methods is one of efficiency, not substance; the distributor is making an unambiguous offer in both situations.

The order denying the motion to dismiss is affirmed.

_____