# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3745

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Azizia Peterson, | * | |
| | * | [PUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: June 16, 2011
Filed: August 31, 2011

_____

Before COLLOTON and BENTON, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

Azizia Peterson appeals the district court's[2] denial of her motion to dismiss the indictment for selective prosecution, and denial of an evidentiary hearing. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2] The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

Ms. Peterson's then-husband, Milton Peterson, filed for divorce. When the sheriff arrived to serve papers, Ms. Peterson told him Mr. Peterson was a drug dealer. Both Petersons were arrested and interviewed by state and federal officers. Mr. Peterson immediately cooperated. Ms. Peterson received a proffer letter,[3] but no successful proffer interview followed.

A grand jury indicted Mr. Peterson for conspiracy to distribute five or more grams of cocaine base, which then carried a five-year mandatory minimum sentence. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 846 (2009). On the same day, the same grand jury indicted Ms. Peterson for conspiracy to distribute 50 or more grams of cocaine base, which then carried a 10-year mandatory minimum. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846 (2009).[4] The Government points to no evidence that the Petersons conspired to distribute different amounts of drugs.

Ms. Peterson is African-American; her former husband is white. She moved to dismiss the indictment on selective prosecution grounds, alleging that the different charges were based on race and sex. The district court denied an evidentiary hearing and denied the motion. Ms. Peterson pled not guilty, but a jury convicted her. The district court sentenced her to the mandatory minimum 120 months' incarceration. Mr. Peterson pled guilty. With the statutory safety valve and the Government's Rule 35 motion, the district court eventually re-sentenced him to 17 months in prison.

Because a selective prosecution finding "can only be made on the basis of evidence pertaining to the prosecutor's motives, we treat the question as one of fact

---

[3] We grant the Government's motion to supplement the record with the proffer letter sent to Ms. Peterson before her indictment.

[4] The indictments preceded the Fair Sentencing Act of 2010, which changed the cocaine base quantities triggering mandatory minimum sentences. *See* Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010).

and thus review the District Court's ruling for clear error." *United States v. Leathers*, 354 F.3d 955, 961-62 (8th Cir. 2004) (citation omitted; discussing vindictive prosecution). We also review the denial of an evidentiary hearing for clear error. *United States v. Perry*, 152 F.3d 900, 903 (8th Cir. 1998).[5]

A selective prosecution claim requires a defendant to show that: "(1) people similarly situated to [her] were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (citations omitted). The "evidentiary burden is a heavy one." *Leathers*, 354 F.3d at 961 (citation omitted). Though Ms. Peterson criticizes the test, we must apply it. *See, e.g., United States v. Alama*, 486 F.3d 1062, 1067 (8th Cir. 2007) ("Only the en banc court may overrule a prior panel decision . . . .") (citation omitted). Ms. Peterson offers "no credible evidence" that race or gender played a role in the Government's charging decisions. *See Hirsch*, 360 F.3d at 864. Thus, we need not address the similarly-situated prong. The district court properly denied the motion to dismiss.

Within her selective prosecution argument, Ms. Peterson contends that the Government denied her a meaningful opportunity to make a proffer. Even disregarding the Government's proffer letter, and assuming that she preserved this argument in the district court, her claim does not succeed. Ms. Peterson offers no case law on a "meaningful opportunity to cooperate" claim, and no framework for ruling on it. We assume without deciding that this court would apply "ordinary equal

---

[5] There are inter- and intra-circuit conflicts over the standard of review. *See Leathers*, 354 F.3d at 962 n.4 (noting application of de novo, abuse of discretion, and clear error standards within this circuit); *United States v. Thorpe*, 471 F.3d 652, 657 (6th Cir. 2006) (surveying circuits). We apply the clear error standard, as it most appropriately fits the fact-intensive nature of selective prosecution claims. *See Leathers*, 354 F.3d at 962 n.4. Applying a de novo or abuse of discretion standard would not change the result in this case.

protection standards," requiring a showing that Government action "had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (quotation marks and citations omitted). As noted, Ms. Peterson offers no credible evidence of discriminatory purpose.

Finally, Ms. Peterson argues that the district court should have granted an evidentiary hearing in support of her motion to dismiss. To obtain a hearing, she "must present some evidence that tends to show the existence of both elements" of a selective prosecution claim. *Perry*, 152 F.3d at 903, *citing Armstrong*, 517 U.S. at 468-69. Ms. Peterson has not shown any credible evidence of purposeful discrimination. The district court properly denied an evidentiary hearing.

* * * * * * *

The judgment of the district court is affirmed.

_____