**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.

JOHN WILLIAMS,
                *Defendant-Appellant.*

No. 10-10550

D.C. No.
3:10-cr-00023-
RCJ-VPC-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted
September 13, 2011—San Francisco, California

Filed October 27, 2011

Before: Sidney R. Thomas and N. Randy Smith,
Circuit Judges, and Solomon Oliver, Jr.,
Chief District Judge.*

Opinion by Judge Thomas

---

*The Honorable Solomon Oliver, Jr., Chief Judge, U.S. District Court
for the Northern District of Ohio, sitting by designation.

19559

## COUNSEL

Michael K. Powell, Assistant Federal Defender, Reno, Nevada, for the appellant.

Carla B. Higginbotham, Assistant United States Attorney, Reno, Nevada, for the appellee.

## OPINION

THOMAS, Circuit Judge:

This appeal presents the question of whether a defendant can be convicted under 18 U.S.C. § 2251(d)(1)(A) if he does not produce the child pornography which he advertises or offers to distribute. We conclude that he can, and we affirm the judgment of the district court.

I

Williams used peer-to-peer file software to post and share more than 5,000 images of prepubescent children engaged in

sexually explicit conduct. FBI agents repeatedly accessed these photos, eventually identified Williams as the owner of the files, and executed a search warrant of Williams's mobile home. There, they discovered a number of suspicious items, including x-rays depicting young boys' genitalia, a guide for interacting with boys, schedules for youth sporting events, photos of young boys at swimming tournaments, and bags of young boys' bathing suits, underwear, and pajamas. Following the search, Williams admitted that he used internet networks to view and share child pornography.

A grand jury subsequently indicted Williams for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B), and advertising the distribution of child pornography in violation of 18 U.S.C. § 2251(d)(1)(A). Williams filed a motion to dismiss the advertising to distribute child pornography charges, arguing that the statute only applies to individuals who either advertise to produce child pornography or advertise child pornography that they actually produced. The district court denied the motion. Williams then entered a conditional guilty plea, preserving his right to appeal the district court's denial of his motion to dismiss. In exchange for the guilty plea, the government dismissed the remaining charges against Williams. This timely appeal followed.

II

The sole issue is whether 18 U.S.C. § 2251(d)(1)(A) requires an individual to personally produce the sexually explicit visual depictions of minors that he advertises for distribution.

A

In statutory construction, our starting point is the plain language of the statute. *Children's Hosp. & Health Ctr. v.*

*Belshe*, 188 F.3d 1090, 1096 (9th Cir. 1999). "[W]e examine not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy." *Id.* If the plain meaning of the statute is unambiguous, that meaning is controlling and we need not examine legislative history as an aide to interpretation unless "the legislative history clearly indicates that Congress meant something other than what it said." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (en banc) (internal quotation marks and citations omitted). If the statutory language is ambiguous, then we consult legislative history. *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999).

**[1]** The plain language of § 2251(d)(1)(A)[1] answers the question before us: There is no requirement that a defendant

---

[1]The statute provides in pertinent part:

> (1) Any person who, in a circumstance described in paragraph (2), knowingly makes, prints, or publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering —
>
> > (A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; or
> >
> > (B) participation in any act of sexually explicit conduct by or with any minor for the purpose of producing a visual depiction of such conduct
>
> shall be punished as provided in subsection (e).
>
> (2) The circumstance referred to in paragraph (1) is that —
>
> > (A) such person knows or has reason to know that such notice or advertisement will be transported using any means or facility of interstate or foreign commerce . . . by any means including by computer or mailed; or
> >
> > (B) such notice or advertisement is transported using any means or facility of interstate or foreign commerce . . . by any means including by computer or mailed.

personally produce child pornography in order for criminal liability to attach. The statute criminalizes multiple acts arising from the advertisement of child pornography. Among these acts are the production and the distribution of child pornography. Nothing in the statute suggests that an individual must commit both of these acts in order to be culpable. Rather, § 2251(d)(1)(A) applies so long as a defendant knowingly advertises "any visual depiction" of child pornography. To require personal production as a predicate for liability would be to "insert phrases and concepts into the statute that simply are not there." *Gruntz v. Cnty. of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1085 (9th Cir. 2000).

**[2]** Our sister circuits have reached the same conclusion. The Second Circuit, the Third Circuit, and the Eighth Circuit have all upheld convictions against defendants who advertised the distribution of child pornography, but did not personally produce any sexually explicit images. *See United States v. Christie*, 624 F.3d 558 (3d Cir. 2010) (affirming conviction of a defendant under § 2251(d)(1)(A) for running a website that allowed file sharing of child pornography even though no personal production involved); *United States v. Sewell*, 513 F.3d 820 (8th Cir. 2008) (upholding conviction of a defendant that had used a file-sharing network to publish a notice to distribute child pornography); *United States v. Rowe,* 414 F.3d 271 (2d Cir. 2005) (concluding chat-room posting sufficient to satisfy elements of statute). Additionally, the Tenth Circuit, in *United States v. Shaffer*, upheld a conviction where it found the defendant had distributed child pornography by downloading pornographic images from a peer-to-peer computer network and storing them in a shared folder on his computer accessible by other users of the network. 472 F.3d 1219 (10th Cir. 2007).

**[3]** In sum, the plain language of the statute and interpretations by our sister circuits lead to the conclusion that personal production is not an element of the crime.

B

**[4]** Williams's primary argument to the contrary is founded on verb tense. He argues that, because § 2251(d)(1)(A) refers to an offer that "involves" the use of a minor, rather than "involved" the use of a minor, Congress intended to insert a personal production requirement into the statute. Williams therefore argues that this statute does not apply to him since he advertised child pornography previously produced by another.

First, in context, the statute criminalizes the "production" of a "visual depiction" that involves a minor. No temporal limitation is contained in the "production" of the "visual depiction" involving minors, and the fact the statute criminalizes the "reproduction" of the "visual depiction" implies that the production may have already occurred.

**[5]** In addition, the definition of "child pornography" in § 2256(8) of Chapter 110 implies that § 2251(d)(1)(A) should apply to past, present, and future acts. Specifically, § 2256(8)(A) defines "child pornography" as being a sexually explicit visual depiction that *involves* the use of a minor.[2] Many images of child pornography cannot be possessed, distributed, or advertised until a visual depiction that *involved* minors is actually produced. Thus, construing "involves" as applying only to the present or future would diminish authority to enforce many of the chapter's statutes. *See, e.g.*, § 2252A(a)(3)(A) (criminalizing the reproduction of existing

---

[2]Section 2256(8), in full, reads: " 'child pornography' means any visual depiction . . . of sexually explicit conduct, where— (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image . . . that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

child pornography). Congress could not have intended this result.

**[6]** Further, statutes similar to § 2251(d)(1)(A) in Chapter 110 use the present tense to refer to acts that have been performed, are being performed, or will be performed. Section 2252(a)(2)(A), for example, punishes any person who "knowingly receives . . . any visual depiction . . . that has been mailed . . . [in interstate commerce] . . . *if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct*." (emphasis added). Subsections 2252(a)(1)(A), (a)(2)(B), (a)(3)(B), and (a)(4)(B), all use the same phrase to criminalize behavior occurring in the past, present, and future. *But cf. United States v. Speelman*, 431 F.3d 1226, 1232 (9th Cir. 2005) (construing § 2252(a) to be "unconstitutional as applied to the simple intrastate possession of child pornography").

In support of his thesis, Williams relies on *Carr v. United States*, ___ U.S. __, 130 S.Ct. 2229 (2010). *Carr* held that "a statute's 'undeviating use of the present tense' is a 'striking indicator' of its 'prospective orientation.' " *Id.* at 2231 (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 59 (1987)). However, *Carr* is inapplicable here. *Carr* interpreted the retroactive reach of a statute, not the temporal application of statutory text in an enacted statute. *See id.* at 2236 (determining that a statute's use of the present tense, rather than the past or present perfect, "reinforces the conclusion that *preenactment* [conduct] falls outside the statute's compass") (emphasis added)). More relevant for our purposes is *Coal. for Clean Air v. So. California Edison Co.*, which acknowledges "[t]he present tense is commonly used to refer to past, present, and future all at the same time." 971 F.2d 219, 225 (9th Cir. 1992). That construction is more consistent with the statute's reference to "any visual depiction."

**[7]** Williams also argues that the purpose of § 2251 as a whole is to prohibit the production of visual depictions utiliz-

ing minors to engage in sexually explicit activity. This cramped construction is not supported by the text. Section 2251 is better understood as a statute prohibiting the exploitation of children, not merely the production of child pornography. In addition to subsection (d), the Act applies to any person who

> (a) "persuades" or "induces" a minor to engage in "any sexually explicit conduct for the purpose of producing any visual depiction of such conduct;"

> (b) is a parent or guardian that "knowingly" permits a minor to engage in "sexually explicit conduct for the purpose of producing" a visual depiction of such conduct; or

> (c) is involved with the trafficking of child pornography into the U.S.

**[8]** Williams argues that all these provisions require some direct involvement with minors, and if we construe § 2251(d)(1)(A) not to require personal production, the subsection will be inconsistent with the rest of the statute. However, the presence of the conjunctive "or" means that each subsection in § 2251 may be treated as a separate and distinct criminal offense. *See Azure v. Morton*, 514 F.2d 897, 900 (9th Cir. 1975). Accordingly, just because some subsections in § 2251 require that a defendant be directly involved in the production of child pornography, does not mean that all of the subsections in the statute contain this requirement. Indeed, § 2251(b) makes it a crime for parents and legal guardians to knowingly permit a minor in their care to engage in the production of child pornography. Nothing in the subsection requires that the parents or legal guardians personally participate in the production enterprise.

Further, § 2251(d)(1)(B) cannot be reconciled with Williams's interpretation. The subsection criminalizes the "partic-

ipation in any act of sexually explicit conduct by or with any minor for the purpose of producing a visual depiction of such conduct." This subsection demonstrates how Congress communicates its intent when it wants to require a personal production element for conviction. Moreover, construing both subsections (a) and (b) to require personal production might render one of the two subsections superfluous and would thus violate an important rule of statutory construction — that every word and clause in a statute be given effect. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (explaining "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant").

Even assuming, arguendo, that there was ambiguity in the statutory text, Williams's theory is not supported by the statute's legislative history. Section 2251, as originally enacted, did not include the advertising provision in question. Congress added this provision several years later with the intent to "ban the production and use of advertisements for child pornography." H.R. Rep. No. 99-910, at 1 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5952, 5952.

Williams finally contends that he was charged under the wrong statute. He argues that he should have been charged under § 2252A. Section 2252A and § 2251(d)(1)(A) do have some overlapping elements. But the existence of common elements in other criminal statutes does not limit the scope of the statute at issue. *See United States v. LaBinia*, 614 F.2d 1207, 1209 (9th Cir. 1980).

### III

**[9]** In sum, the plain language of § 2251(d)(1)(A) does not contain a personal production requirement, and nothing in the tense of the wording evidences a congressional intent to insert such an element. The district court properly denied Williams's motion to dismiss the indictment.

**AFFIRMED.**