NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50110 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00058-CAS-1 |
| v. | |
| JEREMY JOSEPH DRAKE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 3, 2020[**]
Pasadena, California

Before: PAEZ and CALLAHAN, Circuit Judges, and LYNN,[***] District Judge.

Jeremy Joseph Drake appeals his sentence for wire fraud, in violation of 18

U.S.C. § 1343. Drake was ordered to pay $1,228,912.20 in restitution—

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

$928,912.20 to his victims and $300,000 to his former employer, HCR Wealth Advisors ("HCR").

We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a restitution order "for an abuse of discretion, provided it is within the bounds of the statutory framework." *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008) (internal quotation marks omitted).

The district court correctly reduced the restitution ordered to be paid directly to the victims by $300,000. The victims received $300,000 from HCR to settle any claims against HCR related to Drake's misconduct. Under 18 U.S.C. § 3663A(b)(1)(B)(i)–(ii), an order of restitution shall require that the defendant compensate a victim for lost or damaged property "less . . . the value . . . of any part of the property that is returned." The $300,000 settlement received by the victims constitutes returned property. *See Robers v. United States*, 572 U.S. 639, 643, 134 S. Ct. 1854, 1857, 188 L. Ed. 2d 885 (2014) (holding that, because money is fungible, it "need not be the very same bills or check" that are returned to a victim). The district court, therefore, correctly subtracted the $300,000 settlement from the victim's agreed loss of $1,228,912.20, and ordered Drake to pay $928,912.20 to the victims.

However, the district court also correctly ordered Drake to pay $300,000 in restitution to HCR. "If a victim has received compensation from insurance or any

other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." 18 U.S.C. § 3664(j). Drake argues that HCR cannot qualify as "any other source" because HCR benefited from Drake's offense and was, essentially, a culpable co-conspirator. However, 18 U.S.C. § 3664(j) does not contain any limitation on the definition of "any other source." *See United States v. Williams*, 659 F.3d 1223, 1225 (9th Cir. 2011) ("If the plain meaning of the statute is unambiguous, that meaning is controlling."). Moreover, even assuming that 18 U.S.C. § 3664(j) disallows the ordering of restitution for culpable co-conspirators, the evidence in the record does not establish that HCR was such. Indeed, the district court found that HCR merely "innocently employed someone who defrauded people." Accordingly, the district court correctly held that HCR qualified as "any other source" under 18 U.S.C. § 3664(j), and ordered Drake to pay it $300,000 in restitution.

In doing so, the district court did not impermissibly shift the burden to Drake. The parties agree, and the district court found, that the Government bore the burden of establishing that HCR qualified for restitution. *See Waknine*, 543 F.3d at 556 ("The government bears the burden of proving that a person or entity is a victim for purposes of restitution, and of proving the amount of the loss.") (internal citations omitted). At sentencing, the Government satisfied its burden

because it was undisputed that the victims sustained a loss and that part of that loss was paid for by HCR. The district court found that HCR "has stepped in, and it has advanced money and it is entitled to reimbursement." The district court's single statement that there was "no information from Mr. Drake that would suggest that" HCR was complicit in his scheme, made while discussing Defendant's request for additional discovery before sentencing, does not constitute a shifting of the burden of proof to the defense on restitution.

In his reply brief, Drake raises, for the first time, that HCR recently settled a related Securities and Exchange Commission enforcement action, which requires, in part, that HCR make additional payments to the victims. The administrative order imposing the terms of that settlement was entered after Drake filed his appeal and opening brief, and the impact of that administrative order on his restitution amount was thus not raised before the district court. The issue is thus not properly before us on appeal, and Drake should first request any appropriate relief from the district court. *See Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1052 (9th Cir. 2003) ("[W]e do not ordinarily consider on appeal issues not raised below.").

**AFFIRMED**.

4