# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-1595
_____

United States of America

*Plaintiff - Appellee*

v.

Gerald Fitzgerald Hunter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 13, 2023
Filed: September 01, 2023
[Unpublished]
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

A jury found Gerald Hunter guilty of drug and money-laundering crimes. *See* 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), (h). Although he raises multiple issues on appeal, we affirm.

## I.

Hunter worked with others to ship cocaine and fentanyl from Los Angeles to St. Louis for about a decade. He then laundered the proceeds by funneling them through real-estate transactions. After law enforcement discovered the scheme, Hunter redirected the shipments to Atlanta. Changing cities allowed the scheme to continue for a few more years, but police finally caught up with him and put an end to the operation.

Hunter refused to plead guilty, even though others took deals to testify against him. As they did, the government removed their names from the indictment. These redactions, at least according to Hunter, made the conspiracy counts too vague. The district court[1] disagreed.

It also denied two other requests. The first was for a multiple-conspiracies instruction, which would have allowed the jury to find that two separate conspiracies existed, one involving St. Louis and the other Atlanta. The second was to keep the jury from hearing about his prior conviction of conspiring to distribute cocaine. *See* Fed. R. Evid. 404(b).

After the jury found him guilty of all counts, the district court sentenced him to life in prison on the drug charges along with 240 months for money laundering. On appeal, Hunter renews his arguments from before.

## II.

When co-conspirators agreed to cooperate, the government removed their names from Hunter's indictment. The question is whether it still contained "all of the essential elements of the offense" and "fairly inform[ed]" him of the charges.

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

*United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citation omitted) (reviewing de novo).

We conclude it did. *See id.* (explaining that an indictment will usually be sufficient if it "tracks the statutory language"). The conspiracy counts laid out the "essential elements," *id.* (citation omitted), by giving a rough timeframe for the drug sales, describing where they occurred, listing the drugs Hunter sold, and referring to his co-conspirators as "persons known and unknown to the [g]rand [j]ury," *see United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011) (upholding a similar conspiracy indictment). Removing their names did not constructively amend the indictment. *See United States v. Johnson*, 719 F.3d 660, 668 (8th Cir. 2013).

Nor were the conspiracy counts impermissibly "broadened" by removing the name of Hunter's final co-conspirator. *Stirone v. United States*, 361 U.S. 212, 215–16 (1960). "A defendant can be convicted of conspiracy even if the jury concludes that not everyone alleged to be involved . . . actually participated." *United States v. Spencer*, 592 F.3d 866, 873 (8th Cir. 2010). Under this rule, the indictment only had to allege that Hunter conspired with *someone* to sell cocaine and fentanyl, not necessarily a named co-conspirator. *See id.*; *United States v. Bell*, 651 F.2d 1255, 1258 (8th Cir. 1981) ("If the indictment names persons unknown as coconspirators, and there is evidence to support the charge that one of the two defendants conspired with the unknown persons, his conviction can stand, even though the other defendant was acquitted." (citation omitted)). It did so.

## III.

Hunter's other arguments fare no better. We review the challenged jury instruction and evidentiary ruling for an abuse of discretion. *See United States v. Haslip*, 416 F.3d 733, 736 (8th Cir. 2005); *United States v. Jackson*, 856 F.3d 1187, 1190 (8th Cir. 2017).

A.

First, the district court was under no obligation to give a multiple-conspiracies instruction because "the evidence" underlying each count "substantially point[ed] to a single conspiracy" spanning three cities. *United States v. Burris*, 22 F.4th 781, 786 (8th Cir. 2022) (citation omitted); *see United States v. Sawyers*, 963 F.2d 157, 161 (8th Cir. 1992). Although law enforcement arrested some participants and Hunter began directing the drug shipments elsewhere, he never "abandoned, renounced, or otherwise terminated" the original conspiracy. *United States v. Davis*, 882 F.2d 1334, 1342 (8th Cir. 1989). As we have explained, a "single conspiracy may exist even if the participants and their activities change over time." *United States v. Slagg*, 651 F.3d 832, 840 (8th Cir. 2011) (citation omitted).

B.

Second, nothing prevented the district court from admitting Hunter's prior drug conviction as evidence of "knowledge" and "intent." Fed. R. Evid. 404(b)(2). Both were at issue, *see United States v. Armstrong*, 782 F.3d 1028, 1034 (8th Cir. 2015), and the government was free to use the conviction to make its case. *See United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010). "[T]he district court [even] gave an appropriate limiting instruction" that reduced its potentially prejudicial effect. *United States v. Williams*, 796 F.3d 951, 960 (8th Cir. 2015) (citation omitted); *see* Fed. R. Evid. 403. There was no abuse of discretion.

IV.

We accordingly affirm the judgment of the district court.

_____