# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3454WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Missouri. |
| Samuel Sterling Shepard, also | * | |
| known as Samuel Shephard, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2003
Filed: May 27, 2003

_____

Before BYE, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Samuel Shepard appeals the District Court's[1] imposition of a 24-month sentence upon revoking his supervised release. Finding no error, we affirm.

_____

[1]The Hon. Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

After being released from prison and being placed on supervised release, Mr. Shepard tested positive for drug use numerous times. After the second violation, his probation officer, Shannon McGuire, sent him to a counselor, and he began methadone treatments. Nevertheless, Mr. Shepard again tested positive for drugs. Ms. McGuire, who had reported the supervised-release violations to the District Court each time but recommended deferred judgment, then instructed Mr. Shepard to complete inpatient drug treatment at a facility called Pathways. Ms. McGuire informed Mr. Shepard that, if he did not complete Pathways, she would recommend that he be sent back to prison.

When Mr. Shepard arrived to begin his inpatient stay, the workers were concerned because he was obviously under the influence; they soon learned that he was using methadone. They required him to get off of the methadone to participate in the program and granted him an eight-hour pass to go to the doctor for a prescription to ease the withdrawal pains. Mr. Shepard drove to the doctor some distance away and then began his return. While eating at a Pizza Hut, however, he apparently passed out, presumably from the methadone, and fell face-first into his food. The police arrived and sent him to the hospital for treatment. Meanwhile, the police impounded Mr. Shepard's car and conducted an inventory search. As part of this search, they found knives, Chinese throwing stars, and scales.

After his condition stabilized, Mr. Shepard was again admitted to Pathways. Within three days, the Pathways staff decided to release him because he appeared to be under the influence upon his readmission and he was, at times, belligerent, obnoxious, and demanding. The staff notified Ms. McGuire that Mr. Shepard had failed to complete the program, and Ms. McGuire then recommended that the District Court send Mr. Shepard back to prison. After hearing testimony from two probation officers and three staff members from Pathways, the District Court sentenced Mr. Shepard to 24 months in prison — six months longer than the parties had agreed to. The Court concluded that this sentence, which was well above the Sentencing

Guidelines' policy-statement range, was appropriate because Mr. Shepard posed a danger to himself and to the community. This conclusion was based both upon the fact that he had driven his car while he was so under the influence of methadone that he later passed out and upon his possession of knives, scales, and throwing stars.

Mr. Shepard has two principal arguments on appeal. First, he argues that the District Court's decision to impose a sentence of 24 months was an abuse of discretion. We disagree. Mr. Shepard repeatedly violated the terms of his supervised release by using drugs. Indeed, he was given numerous opportunities to straighten up, but chose not to do so. Moreover, his decision to drive his vehicle while he was under the influence of methadone is extremely disturbing, especially given that he was so altered as to pass out while he was eating. His possession of numerous knives and throwing stars only bolsters the conclusion that he posed a danger to himself and the community. Given his altered state of mind from the methadone, the District Judge was within her discretion in being concerned about the danger that these weapons posed. In light of this evidence about the danger that Mr. Shepard posed, the District Court's order was not an abuse of discretion.

Next, Mr. Shepard argues that the District Court erred in considering hearsay testimony. This objection relates to Ms. McGuire's testimony concerning the knives, scales, and throwing stars found in his vehicle. Her testimony was the only evidence of these possessions, and she testified that she learned about them from talking with a Clinton, Missouri, police officer about the incident. During her testimony, Ms. McGuire indicated that her understanding was that the knives were "folding knives." Mr. Shepard's counsel did not object on the ground that this entire line of questioning was hearsay, only that: "We don't have this evidence. We don't have a picture. We're going to object to what these knives are. I don't think she has personal knowledge as to what they are." Tr. at 10-11. Thus, defendant objected to Ms. McGuire's testimony about the nature of the knives, not to the hearsay nature of the testimony generally.

Having failed to object clearly during the proceeding, Mr. Shepard must convince this Court that the District Court was plainly erroneous in not sua sponte disallowing the testimony. See United States v. Rodriguez-Arreola, 313 F.3d 1064, 1068 (8th Cir. 2002) (engaging in plain-error review when the defendant failed to raise a hearsay objection at sentencing). Mr. Shepard cannot meet that standard here. Ms. McGuire's testimony about the knives, throwing stars, and scales was based upon her conversation with a police officer. Given that the police officer who conveyed the information to Ms. McGuire would have no reason to lie, the statement bears indicia of reliability — a conclusion that is bolstered by the fact that Mr. Shepard has at no time argued that he did not possess these items, only that we do not know exactly what kind of knives he possessed. Reliability is the touchstone for admission of such evidence, see United States v. Zentgraf, 20 F.3d 906, 910 (8th Cir. 1994). We believe that this testimony would meet the test for admission even if we were engaged in de novo review. Because we are reviewing only for plain error, we are still more convinced.

The District Court did not err in sentencing Mr. Shepard to 24 months in prison for violation of the terms of his supervised release. The District Court's order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-