# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1492

_____

United States of America,

                Appellee,

v.

Kenneth Ray Irvin,

                Appellant.

\*
\*
\*
\*      Appeal from the United States
\*      District Court for the
\*      Eastern District of Arkansas.
\*
\*        [UNPUBLISHED]
\*

_____

Submitted: March 16, 2007
Filed: March 22, 2007

_____

Before COLLOTON, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kenneth Ray Irvin appeals the 312-month sentence imposed by the district court[1] following his plea of guilty to violations of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

The district court adopted the recommendations contained in the Presentence Investigation Report (PSR) and calculated an advisory Guidelines range of 262 to 327

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

months.  Irvin made no objections to the PSR.  Prior to the sentencing hearing, Irvin submitted a sentencing memorandum, to which he attached five character letters.  At the sentencing hearing, the government called a detective involved with the investigation of Irvin's case, who testified about the background of the case leading up to Irvin's arrest.  Most of the detective's testimony corroborated information contained in the PSR.  In addition, the detective testified that Irvin had forcibly performed a body cavity search on a woman whom he thought stole drugs from him and had pistol-whipped her companion who attempted to intervene.  The detective received this information from the victim of the body cavity search, as well as from the confidential informant who ultimately led the detectives to Irvin.  Irvin did not object to the detective's testimony, and his counsel cross-examined the detective.  Irvin asked for a sentence at the bottom of the advisory range of 262 to 327 months, and the district court sentenced him to 312 months of imprisonment.  Irvin claims on appeal that the district court erred in determining his sentence by relying on irrelevant and unreliable hearsay evidence from the detective.

Because Irvin did not object to the detective's testimony, we review his claim for plain error.  See United States v. Sharpfish, 408 F.3d 507, 511 (8th Cir. 2005); United States v. Pirani, 406 F.3d 543, 550 (8th Cir.) (en banc) (plain error standard of review), cert. denied, 126 S. Ct. 266 (2005).  The Federal Rules of Evidence, with the exception of the privilege rules, do not apply to sentencing proceedings.  Fed. R. Evid. 1101(d)(3); see also United States v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc) ("Uncorroborated hearsay evidence is a proper topic for the court's consideration, as long as the defendant is afforded an opportunity to explain or rebut the evidence." (internal marks omitted)), cert. denied, 507 U.S. 989 (1993).  Thus, a sentencing judge may base his sentencing decision on relevant hearsay evidence "if it is accompanied by sufficient indicia of reliability to support the conclusion that it is probably accurate."  Sharpfish, 408 F.3d at 511.  The detective who provided the hearsay evidence was involved in investigating Irvin's case, and he testified that both the victim of the body cavity search and the confidential informant gave consistent

statements about Irvin's behavior.  The evidence was certainly relevant to the district court's consideration of Irvin's history and characteristics under 18 U.S.C. § 3553(a)(1), particularly in light of the character letters submitted by Irvin.  Given the state of the record, we cannot say the district court plainly erred in considering the unobjected to hearsay evidence when it determined Irvin's sentence.

Irvin does not contest the district court's calculation of the advisory Guidelines range.  We review his ultimate sentence for reasonableness, <u>United States v. Booker</u>, 543 U.S. 220, 261 (2005), and we find nothing to suggest that the district court acted unreasonably in sentencing Irvin toward the top end of the advisory Guidelines range. The district court's judgment is affirmed.

_____