# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1614

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Michael James Schlosser, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 12, 2008
Filed: March 3, 2009

_____

Before MURPHY, RILEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After Michael James Schlosser pled guilty to theft of mail matter in violation of 18 U.S.C. § 1708, the district court[1] sentenced him to 18 months' imprisonment. Schlosser appeals his sentence, arguing that the district court imposed a procedurally flawed sentence because it relied on hearsay evidence and improperly delegated fact-finding to a magistrate judge and that the district court imposed a substantively unreasonable sentence. For the reasons discussed below, we affirm.

_____

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

## I.    BACKGROUND

On August 30, 2007, a federal grand jury indicted Michael James Schlosser on one count of theft of mail matter and one count of obstructing correspondence. After Schlosser's arraignment, the district court released him from custody on a personal recognizance bond. One condition of the bond stated that Schlosser "shall not commit any offense in violation of federal, state or local law (including tribal) while on release in this case." Another condition of the bond stated that Schlosser shall "not possess a firearm, destructive device, or other dangerous weapon."

On October 6, 2007, while Schlosser was free on the bond, South Dakota state police arrested him for fourth degree burglary, possession of stolen property, damaging and tampering with highway signs and markers, and intentional damage to property. According to the police incident report, Schlosser and a juvenile male used a stolen firearm to shoot at mailboxes, at road signs, and at a house containing five individuals. Based on the arrest, the United States Probation Office submitted a report of apparent bond violation to the district court. While the state charges remained pending, Schlosser was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum.

Schlosser entered into a plea agreement with the Government whereby he pled guilty to mail theft in exchange for a dismissal of the obstructing correspondence count. He remained in federal custody until his sentencing hearing on February 8, 2008. The Presentence Investigation Report ("PSR") calculated Schlosser's total offense level at 6, which included a two-level increase for a crime involving 10 or more victims pursuant to U.S.S.G. § 2B1.1(b)(2)(a)(i) and a two-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E.1. The district court denied Schlosser the two-level adjustment for acceptance of responsibility, which resulted in a total offense level of 8, criminal history category of I, and advisory sentencing guidelines range of 0-6 months.

Next, the district court discussed the 18 U.S.C. § 3553(a) factors, stating that the pending state charges "would constitute very serious violations of his bond conditions" and that "it's the obligation of this Court to have a full understanding of the background of this defendant and to determine which of those [§ 3553(a)] factors . . . apply here, including whether he's a threat to the public." The court then continued the sentencing hearing and ordered an evidentiary hearing on Schlosser's bond violations, referring it to a magistrate judge over Schlosser's objection.

On February 13, 2008, Magistrate Judge Myles J. Devine conducted a bond revocation hearing. Schlosser offered to waive the hearing, admitting that probable cause existed to believe he committed the offense of possession of stolen property. Nevertheless, the magistrate judge proceeded with the hearing. The probation officer assigned to Schlosser's case testified about the incident report, which detailed the alleged conduct underlying Schlosser's arrest. The magistrate judge admitted the incident report over Schlosser's objection. Ultimately, the magistrate judge revoked Schlosser's bond, concluding that probable cause supported the state charges.

The district court resumed Schlosser's sentencing hearing on February 21, 2008. The court noted Schlosser's multiple bond violations and recounted the details of the conduct underlying the state offenses from the police incident report. Accordingly, the court imposed an upward variance, specifically citing the need "to promote respect for the law, to afford adequate deterrence to criminal conduct, and most importantly, to protect the public from further crimes of the defendant." The court sentenced Schlosser to 18 months' imprisonment. Schlosser appeals his sentence, arguing that the district court erred procedurally by relying on the incident report and by using the bond revocation hearing as a fact-finding hearing for sentencing purposes. He further contends that the court abused its discretion by imposing a substantively unreasonable sentence.

## II.    DISCUSSION

In reviewing a sentence, we first consider whether the district court committed "significant procedural error." *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007). Schlosser argues that the district court erred by relying on the incident report during the sentencing hearing because it was hearsay evidence that lacked sufficient indicia of reliability.[2] Because Schlosser did not object to the district court's consideration of the incident report at sentencing, we review for plain error. *See United States v. Shepard*, 329 F.3d 619, 621 (8th Cir. 2003). "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (internal quotation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467 (internal quotations omitted). The burden is on the defendant to prove plain error. *United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

Congress has provided that "no limitation shall be placed on the information concerning the background, character, and conduct of a person" that a court may "consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. "[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. M.R.M.*, 513 F.3d 866, 870 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 171 (2008) (quotation omitted). "Hearsay is admissible in a sentencing hearing and can be used to determine facts if the hearsay has sufficient indicia of

---

[2]Schlosser also challenges the magistrate judge's reliance on the incident report during the bond revocation hearing. However, Schlosser does not appeal his bond revocation so we do not address this argument.

reliability." *United States v. Hansel*, 524 F.3d 841, 847 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 520 (2008); *see also United States v. Irvin*, 219 Fed. Appx. 617, 619 (8th Cir. 2007) (unpublished per curiam) (using the "indicia of reliability" standard when analyzing the district court's use of hearsay evidence to support a variance); *cf.* U.S.S.G. § 6A1.3(a). "The determination of whether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case and is committed to the sound discretion of the district court." *United States v. Cassidy*, 6 F.3d 554, 557 (8th Cir. 1993) (internal citation omitted).

Several aspects of the incident report demonstrate sufficient indicia of reliability. Schlosser's admission that probable cause existed to support the possession of stolen property charge corroborates part of the report. *See United States v. Bell*, 785 F.2d 640, 644 (8th Cir. 1986). Moreover, the report itself is quite "detailed and convincing." *See id.* For instance, the report contains statements from the owners of the house identifying Schlosser's vehicle as the vehicle from which they saw someone shooting. The report recounts that the officers found the stolen firearm in the attic of the juvenile male who had been with Schlosser. The report also states that at "every place [the officers] stopped, [the officers] found bullet holes or shell casings or both which verified the story." Thus, we conclude that Schlosser failed to meet his burden of showing that the district court's reliance on the incident report during sentencing rises to the level of plain error. *See Pirani*, 406 F.3d at 550.

We next address Schlosser's contention that the district court erred procedurally by improperly delegating the bond revocation hearing to a magistrate judge for the purpose of determining facts relevant to an upward variance from Schlosser's advisory guidelines range. In support of this argument, Schlosser points to the district court's statement after the bond revocation hearing that the court ordered the revocation hearing to "make sure that [the state charges] were true."

A district court typically has broad discretion to refer evidentiary hearings to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(B) (providing that subject to limited

exceptions, "a judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings"). However, as the magistrate judge explicitly recognized in this case, his authority during the bond revocation hearing was limited to a determination of whether probable cause supported a finding that Schlosser violated the terms of his bond. *See* 18 U.S.C. § 3148(b). Thus, had the district court relied on the magistrate judge's findings of fact as proof by a preponderance of the evidence that Schlosser engaged in the conduct underlying the bond violations, that would be error. *See United States v. Brown*, 453 F.3d 1024, 1026 (8th Cir. 2006) (explaining that the standard of proof at sentencing is preponderance of the evidence); *see also Gomez v. United States*, 490 U.S. 858, 876 (1989) (explaining that a basic fair trial right "is a defendant's right to have all critical stages of a criminal trial conducted by a person with jurisdiction to preside").

However, in this case, we are convinced that the district court did not err because it did not rely on the magistrate judge's findings of fact, despite the court's statement that it ordered the bond revocation hearing to "make sure that [the state charges] were true." *Cf. United States v. O'Dell*, 204 F.3d 829, 837 (8th Cir. 2000) (finding no error where the district court enhanced a defendant's sentence after it "made its own independent findings" regarding the defendant's conduct during a bond revocation hearing before a magistrate judge). To the contrary, during the sentencing hearing, the district court clearly relied on the unobjected-to PSR[3] and the police

---

[3]Schlosser argues that the district court could not have relied on the PSR to prove that he committed the state offenses. He contends that the PSR merely established that the state charges remained pending and that an incident report detailed the allegations against him. Because these statements are literally true, Schlosser argues that he could not have objected to the PSR. While Schlosser's attorney conceded at oral argument that the better practice would have been to object to the underlying facts reported in the PSR, we need not address this issue. The incident report established all of the facts listed in the PSR, and because we conclude that the district court could rely on the incident report, any error in relying on the PSR would be harmless. *Cf. United States v. Beatty*, 9 F.3d 686, 690-91 (8th Cir. 1993) (finding

incident report, which it referenced repeatedly. When recounting Schlosser's conduct, the district court mentioned multiple details that are only present in the police incident report, not the magistrate judge's findings of fact. Thus, we conclude that the district court made its own independent findings based on the incident report, a document that sufficiently supports the district court's findings. Accordingly, because the district court properly considered the incident report and did not rely on the magistrate judge's fact-finding from the bond revocation hearing, we find no significant procedural error in Schlosser's sentence.

Finally, we address Schlosser's claim that his sentence was substantively unreasonable because, in varying from the advisory guidelines range, the district court placed too much weight on the conduct underlying his bond violations. We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall*, 128 S. Ct. at 597. "A district court abuses its discretion and imposes an unreasonable sentence when it . . . gives significant weight to an improper or irrelevant factor." *United States v. Saddler*, 538 F.3d 879, 890 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 770 (2008). A sentence outside of the advisory guidelines range is not presumptively unreasonable. *United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008).

We reject Schlosser's argument. The district court explained why, given the sentencing factors under § 3553(a), it imposed the upward variance. The court stated that Schlosser's offenses were "the most flagrant bond violations [the court had] ever seen," finding that the upward variance was needed to "promote respect for the law, to afford adequate deterrence to criminal conduct, and, most importantly, to protect the public from further crimes of the defendant." Bond violations may be properly considered in imposing upward variances, a fact Schlosser conceded during

harmless error where district court violated Federal Rule of Civil Procedure 32(c)(3)(D) by relying on disputed PSR paragraphs but the court's ultimate sentence was supported by properly determined facts).

sentencing. *See United States v. Red Bird*, 450 F.3d 789, 795 (8th Cir. 2006); *United States v. Long Soldier*, 431 F.3d 1120, 1123-24 (8th Cir. 2005). Moreover, pre-trial conduct, including conduct while free on bond, is an appropriate consideration "under § 3553(a), because it is relevant to the history and characteristics of the defendant, and to the need for the sentence to promote respect for the law." *Red Bird*, 450 F.3d at 795. Considering the seriousness of Schlosser's pre-trial conduct, we cannot say that the district court abused its discretion by imposing the upward variance, and we conclude that Schlosser's sentence is not unreasonable.

## III.   CONCLUSION

For the foregoing reasons, we affirm Schlosser's sentence.

_____