# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2072
_____

United States of America

*Plaintiff - Appellee*

v.

James D. Kozohorsky

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 18, 2013
Filed: March 4, 2013
[Published]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

James D. Kozohorsky was tried and convicted of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). The district court[1] varied upward from

_____

[1] The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Kozohorsky's guideline range and sentenced him to the statutory maximum of 120 months in prison. Kozohorsky appeals the denial of his pretrial motion to dismiss the indictment and raises various issues relating to his sentence. We affirm.

I.

Kozohorsky has a lengthy criminal history. At age 15 he was convicted of burglary and theft and spent two years in state custody. Within a year of his release, Kozohorsky was arrested again and convicted of burglary, theft, and being a felon in possession of a firearm. At age 22 Kozohorsky pled guilty to the violent rape of an 18 year old woman and spent another two years in state custody. Within months of being released, Kozohorsky was arrested and charged with committing another violent rape. While that case was pending Kozohorsky broke into the victim's home and threatened her, resulting in additional charges of burglary, terrorizing the victim by threatening death or serious physical injury, and intimidating a witness. He was sentenced in state court to 40 years in prison with 15 years suspended, but was released in 2003 after having served about 14 years.

As a result of his rape convictions, Kozohorsky is subject to sex offender registration requirements under federal and state law. The federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 et seq., requires Kozohorsky to register and keep his registration current in each jurisdiction where he lives or works. Id. § 16913(a). If Kozohorsky knowingly fails to register or update his registration and travels in interstate commerce, he has committed a federal felony punishable by up to 120 months in prison. 18 U.S.C. § 2250(a). All 50 states have similar laws making it a felony for sex offenders to fail to register or update a registration. See, e.g., Mo. Rev. Stat. § 589.400 et seq.

Following his release from prison in 2003, Kozohorsky lived briefly in Wisconsin before settling in Arkansas and regularly updating his sex offender

registration there. In 2006 Kozohorsky, then 41 years old, was arrested on charges of violent rape. He spent about 14 months in state custody before pleading guilty to attempted rape and receiving a suspended sentence of 120 months. Upon his release in 2007 Kozohorsky moved to Missouri, where he lived and duly registered as a sex offender.

In October 2009, Kozohorsky was charged in Butler County, Missouri with failing to update his registration within 90 days of his last filing, as required by state law. He was released on bail and registered using an address in Butler County. Kozohorsky was scheduled to go to trial in March 2010 but failed to appear for the proceedings. A police lieutenant visited Kozohorsky's last registered address and discovered that he had not lived there since 2008. When the lieutenant contacted Kozohorsky by phone, he stated that he no longer lived in Butler County and was in Tennessee for a job and headed to Arkansas. Kozohorsky was arrested in September 2010 in Marked Tree, Arkansas, where he appeared to have been living. By that time Kozohorsky's Missouri registration had lapsed and his Arkansas registration was not current. Kozohorsky was transferred to Butler County, and in January 2011 he pled guilty to failure to register under Missouri state law.

Kozohorsky was subsequently indicted in federal court for violating SORNA based on his failure to register in Arkansas. He moved to dismiss, arguing that federal prosecution was barred under the double jeopardy and due process clauses of the Fifth Amendment. The district court denied his motion, and the case went to trial. To prove that he had lived in Arkansas, the government introduced Kozohorsky's testimony from his 2011 plea hearing in the failure to register case in Missouri. At that hearing Kozohorsky appeared to tell the judge that he had left Missouri and been living in Arkansas for the year prior to his arrest. At his federal trial, however, Kozohorsky denied living in Arkansas during that time and testified that he had misunderstood the judge's question at the state plea hearing. He also claimed to have been told that he had not been subject to registration in Arkansas because he

-3-

frequently traveled for work, staying in no one location for more than five days at a time. The jury nonetheless convicted Kozohorsky of failing to update his sex offender registration in Arkansas in violation of 18 U.S.C. § 2250(a).

The presentence investigation report (PSR) recommended a total offense level of 24. This included a six level enhancement under U.S.S.G. § 2A3.5(b)(1)(A) for committing another uncharged rape during the lapse in his registration, and a two level enhancement under U.S.S.G. § 3C1.1 for perjured testimony at his federal trial. Kozohorsky objected to both enhancements and also to paragraph 50 of the PSR, which described the contents of a sex offender assessment conducted by the state of Arkansas in 2004. The government agreed to drop the six level enhancement after speaking with the alleged victim of the uncharged rape, but it supported an obstruction of justice enhancement and use of the Arkansas sex offender assessment. It requested the statutory maximum sentence of 120 months.

The district court overruled Kozohorsky's objections to the obstruction of justice enhancement and paragraph 50 of the PSR. The court calculated a total offense level of 18 and criminal history category VI, resulting in a guideline range of 57 to 71 months. Terming Kozohorsky "a great risk to society" and quoting from the PSR that his "behavior profile is congruent with that of a serial rapist," the court varied upward and sentenced Kozohorsky to 120 months in prison. The court reflected that, "if ever there was a registration violation case that deserved an upward variance, this is it." Kozohorsky appeals both his conviction and sentence.

II.

Kozohorsky renews his claim that double jeopardy bars his federal prosecution for failure to register. We review de novo the district court's denial of his motion to dismiss the indictment on these grounds. United States v. Bearden, 265 F.3d 732, 735 (8th Cir. 2001). Kozohorsky's Missouri conviction was based on his failure to

register in that state in 2009, but he was prosecuted and convicted in federal court based on his failure to register in Arkansas in 2010. The Fifth Amendment only prohibits multiple prosecutions for "the same offence," U.S. Const. amend. V, and does not apply to charges based on separate and distinct acts. See Blockburger v. United States, 284 U.S. 299, 301–04 (1932).

With respect to his sentence, Kozohorsky first challenges the two level obstruction of justice enhancement he received. We review the district court's findings of fact for clear error and its application of the guidelines to those facts de novo. United States v. Aleman, 548 F.3d 1158, 1163 (8th Cir. 2008). An obstruction of justice enhancement is appropriate if the defendant has "willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing" of his offense. U.S.S.G. § 3C1.1. This includes "committing, suborning, or attempting to suborn perjury," id. cmt. n.4(B), but the sentencing court "should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory," id. cmt. n.2. The false testimony "must relate to a material matter and be done willfully." Aleman, 548 F.3d at 1163.

At his plea hearing in Missouri in January 2011, Kozohorsky answered several questions from the judge about his residency:

Judge: Where is your home?
Kozohorsky: Right now I don't have one.
Judge: Where did you live before you were incarcerated?
Kozohorsky: Arkansas.
Judge: Arkansas?
Kozohorsky: Yes sir.
Judge: How long have you lived in Arkansas?
Kozohorsky: Approximately about a year.

Judge: Prior to that you lived here in Butler County?

Kozohorsky: Yes, sir, about two years.

At Kozohorsky's federal trial, the government introduced this testimony and argued that it proved he had been living in Arkansas in 2010 prior to his arrest. Kozohorsky testified that he had understood the state judge to be asking where he had lived prior to his incarceration from 2006 to 2007, not his postarrest detainment in 2010. Thus, he had been referring to 2006 when he said he had lived in Arkansas. On cross examination the prosecutor asked why Kozohorsky had answered that he lived in Missouri "[p]rior to" living in Arkansas if he actually had not lived in Missouri until 2007. Kozohorsky responded that he "must not have gotten that" and "probably didn't even catch that part of it."

Kozohorsky argues that the district court clearly erred in finding that his trial testimony was willfully false. We disagree. The colloquy between the judge and Kozohorsky at his 2011 Missouri plea hearing clearly shows that the topic was where he had been living prior to his arrest in September 2010. The state court judge used the present tense in referring to Kozohorsky's residence in Arkansas when asking, "How long <u>have you lived</u> in Arkansas?" (emphasis added). Kozohorsky answered, "Approximately about a year." In addition, Kozohorsky stated that he had lived in Butler County "[p]rior to" living in Arkansas. Since he had not lived in Missouri until 2007, this answer showed that he and the state judge were talking about where he had been living in 2010. When Kozohorsky took the stand at his federal trial in 2012, the district court was able to evaluate his explanation of his statements at the 2011 state plea hearing and observe him under cross examination. Based on its own observations at his federal trial, the district court found by a preponderance of the evidence that Kozohorsky's trial testimony had been willfully false. After our review of the record, we conclude that the district court did not clearly err in its findings.

Kozohorsky also argues that his trial testimony was not material to any issue before the court since he claims that he had admitted the elements of the charged offense elsewhere in his testimony. The test for materiality, however, is whether the allegedly perjurious statements tend to impede or hamper the course of the proceeding. United States v. Hirsch, 360 F.3d 860, 865 (8th Cir. 2004). Since Kozohorsky denied at trial having lived in Arkansas for more than a few days at a time and the government needed to prove that he had resided there during the relevant period, his sworn statement at his plea hearing that he had lived in Arkansas for "[a]pproximately about a year" was important evidence. Lying about that statement certainly "tend[ed] to impede or hamper" the course of the trial. See id. (citation omitted) (internal quotation marks omitted).

We next turn to Kozohorsky's argument that the district court improperly relied on disputed portions of the PSR. When a defendant objects to statements in the PSR, the court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). In ruling on such a disputed matter, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). Whether the information is sufficiently reliable "depends on the facts of the particular case and is committed to the sound discretion of the district court." United States v. Schlosser, 558 F.3d 736, 740 (8th Cir. 2009) (citation omitted) (internal quotation marks omitted).

Kozohorsky objected to paragraph 50 of the PSR, which cited a 2004 sex offender screening and risk assessment conducted by the Arkansas Department of Corrections. The PSR quoted the assessment's conclusion that Kozohorsky's "behavioral pattern is congruent with that of a serial rapist" and that he has "a deviant sexual preoccupation or paraphilia (rape) and other personality characteristics

(psychopathic, antisocial, sadistic) predisposing him to repeated, wanton, disregard of major social norms as well as violent sexual assault of others." The PSR also cited the assessment to show that Kozohorsky had a history of violent, planned sexual assaults "much greater than his extensive official record reflects" and that his crimes "included sadistic elements and similar modus operandi [sic]." Kozohorsky objected to the PSR's use of this assessment because it was "unreliable and untrue." In response the government introduced a certified copy of the full report. The court found the full report "credible and reliable documentation and support for . . . conclusions . . . made in Paragraph 50." The court noted, moreover, that "to the extent that there might be some reference to crimes that were committed that do not have supporting documentation, the Court can very easily separate those circumstances . . . from the Court's consideration in the imposition of final sentence."

We conclude that the district court did not err in relying on the sex offender assessment. After the government responded to appellant's objection by producing the full report, Kozohorsky did not offer any contrary evidence but instead opted solely to challenge its reliability. The district court examined the report and found it had sufficient indicia of reliability. Moreover, the court stated that it would only consider those crimes mentioned in the report that had full "supporting documentation" when imposing his sentence. The district court's finding that the report was sufficiently reliable "depends on the facts of the particular case and is committed to [its] sound discretion," Schlosser, 558 F.3d at 740 (citation omitted) (internal quotation marks omitted), and we see no reason in this record to overturn its finding.

Kozohorsky finally argues that his sentence of 120 months is substantively unreasonable. Regardless of whether a sentence is below, within, or above the guideline range, we review its substantive reasonableness under a deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc). In imposing Kozohorsky's sentence the district court explained that

he was a "great risk to society" in light of his propensity to commit violent sexual assaults. It also noted his "extensive" criminal history which included two rapes, attempted rape, burglary, terroristic threats, and intimidating a witness. While Kozohorsky argues that a 120 month sentence is unreasonable for "just a registration violation," the district court was well within its discretion to decide that "if ever there was a registration violation case that deserved an upward variance, this is it."

III.

For these reasons we affirm Kozohorsky's conviction and sentence.

_____