# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2990

_____

United States of America,

*Plaintiff - Appellee,*

v.

Roderick Lewis,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 9, 2014
Filed: August 15, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Roderick Lewis pleaded guilty to unlawful possession of a prohibited object as an inmate of a prison, in violation of 18 U.S.C. § 1791(a)(2).  The district court[1]

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

sentenced Lewis to sixty months' imprisonment. Lewis challenges his sentence, and we affirm.

On September 14, 2012, Lewis was an inmate at a federal prison in Forrest City, Arkansas. A correctional officer conducted a random search of Lewis and found in his shoe a five-and-a-half-inch-long piece of plastic, sharpened to a point on one end, commonly described as a "shank." Lewis pleaded guilty to unlawful possession of a prohibited object—namely, "a weapon and object designed and intended to be used as a weapon"—in violation of 18 U.S.C. § 1791(a)(2).

At sentencing, the district court calculated that Lewis's criminal history category was VI and his offense level was eleven, resulting in an advisory guideline range of twenty-seven to thirty-three months' imprisonment. The court denied Lewis's motion for a downward departure based on his claim that his criminal history score overrepresented the seriousness of his past offenses. The court explained that Lewis had been acting like "a damn fool for many years," committing dangerous and violent offenses both in and out of prison.

During the hearing, the court discussed how the factors enumerated in 18 U.S.C. § 3553(a) applied to Lewis's case. In particular, the court noted that it felt a

> need to give him five years due to the nature and circumstances of the offense, having a shank in prison, essentially being a criminal in prison[;] the nature of and characteristics of the defendant, the fact that he has been committing violent crime, . . . just being a total menace to society since the age of 11[;] the need for the sentence imposed . . . to reflect the seriousness of the offense and to promote respect for the law. This man has no respect for the law. And to provide just punishment for the offense, to afford adequate deterrence to criminal conduct.

R. Doc. 27, at 25-26. After Lewis's allocution, the court discussed again Lewis's significant history of charged and uncharged criminal conduct, finding that Lewis's record suggested "that society needs to be protected from [him], and probably the other prisoners do too." The court ultimately imposed a sentence of sixty months' imprisonment, which was the statutory-maximum sentence for Lewis's offense. *See* 18 U.S.C. § 1791(b)(3).

Lewis challenges his sentence on both procedural and substantive grounds. Because Lewis raised no procedural objection in the district court, we consider his claim of procedural error under the plain-error standard. *See United States v. Deegan*, 605 F.3d 625, 629 (8th Cir. 2010). We review the substantive reasonableness of the sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Lewis contends that the district court committed plain procedural error by failing to explain adequately why the court varied upward from the advisory guideline range of twenty-seven to thirty-three months' to the statutory-maximum term of sixty months' imprisonment. A district court commits procedural error by "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51.

The district court gave an adequate explanation here. In the course of discussing Lewis's downward-departure motion, the court said it was considering an upward variance, in part based on the seriousness of Lewis's criminal history. The court rejected Lewis's argument that he had carried the weapon only to protect himself, finding that "from his history, what it indicates is not that he's the one being the victim of it, but that he's the one victimizing people, and that that shank was not being used to keep people off him, but so that he could control other people." The court later found that the § 3553(a) factors made it "very clear" that a five-year term of imprisonment was necessary. The court reiterated after Lewis's allocution that it was concerned about his serious criminal history and the need to protect the public

from him. In short, the district court "articulated specific reasons for varying upward," and "[n]o further explanation was required." *United States v. Butler*, 743 F.3d 645, 647-48 (8th Cir. 2014).

Lewis also argues that his sentence is substantively unreasonable because the district court relied too heavily on past conduct for which he was neither arrested nor convicted. A district court abuses its discretion when it gives significant weight to an improper or irrelevant factor or commits a clear error in judgment in weighing the relevant factors. *United States v. Gonzalez*, 742 F.3d 815, 817 (8th Cir. 2014). The district court did not abuse its discretion by considering Lewis's past conduct or emphasizing it in determining the proper sentence. Prior criminal conduct, even if acquitted or uncharged, is part of the history and characteristics of the defendant that may be considered at sentencing, *see* 18 U.S.C. § 3553(a)(1), and it may be relevant in particular cases to the factors enumerated in § 3553(a)(2). *United States v. Waller*, 689 F.3d 947, 960-61 (8th Cir. 2012) (per curiam). The district court has "substantial latitude to determine how much weight to give the various factors under § 3553(a)," *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009), and it was not improper to give Lewis's history substantial attention along with the circumstances of the instant offense and the need to protect the public from further crimes by Lewis.

Lewis suggests more generally that his sentence is unreasonable because the court varied upward significantly from the advisory guideline range to the sixty-month sentence imposed. In our review for substantive reasonableness, we are to "consider the extent of a deviation" from the sentencing guidelines, but we may not require "extraordinary circumstances" to justify a sentence outside the guideline range. *Gall*, 552 U.S. at 47 (internal quotation omitted). We perceive no abuse of discretion here. The court discussed the serious nature of Lewis's offense, the threat that he posed to the public, and what the court described as "16 years' worth of foolishness" as reflected in Lewis's criminal history. These reasons sufficed to justify a significant upward variance. This is not the "unusual case" in which our "narrow

-4-

and deferential" review for substantive reasonableness requires that we reverse the district court's sentence. *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (internal quotation omitted).

The judgment of the district court is affirmed.

_____