# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2095

_____

United States of America

*Plaintiff - Appellee*

v.

Adjoni Archambault, also known as Adjoni Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: November 11, 2014
Filed: January 30, 2015

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Adjoni Archambault pled guilty to distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) for selling Ritalin which had been prescribed for her thirteen year old son. The district court[1] varied upward in sentencing

_____

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Archambault to 18 months imprisonment. Archambault appeals, challenging the substantive reasonableness of her sentence. We affirm.

Archambault is a Native American with many prior convictions for child neglect and substance abuse in the Standing Rock Sioux Tribal Court in Fort Yates, North Dakota. Archambault has completed at least four substance abuse treatment programs but relapsed after the conclusion of each. She also has a long history of mental health problems.

In February 2013 Archambault's thirteen year old son told a healthcare worker that his mother began forcing him to smoke marijuana when he was six years old. Child Protective Services subsequently began investigating Archambault for child abuse and neglect. Archambault's son told investigators that he had been prescribed Ritalin, but his mother had taken it from him. Archambault directed her son to conceal the pills given to him by his school nurse so that he could bring them home. His mother would then crush the pills and either inhale them or inject them into her arm. Archambault sold the pills that she did not use, sometimes giving her son money or marijuana in return. The boy told investigators that he once accidentally swallowed one of his Ritalin pills, which angered his mother. Although Ritalin would calm him, he felt guilty when he took the medication himself rather than taking it to his mother. He stated that he would get in trouble with his mother if he took the Ritalin himself and with his school if he did not.

A special agent from the Bureau of Indian Affairs interviewed Archambault. She admitted that she had used and sold her son's Ritalin. Archambault also admitted that she would occasionally give her son marijuana. A federal grand jury indicted Archambault in June 2013 for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). She was detained five days later and released on a personal recognizance bond in July. She violated the terms of her release by twice testing positive for alcohol after Standing Rock police officers arrested her for disorderly

conduct. She also tested positive for marijuana on the day of her change of plea hearing; the district court set a new hearing date, and she pled guilty the next month.

The district court conducted Archambault's sentencing hearing in April 2014. The court calculated a guideline range of four to ten months based on her total offense level of 8 and criminal history category II. After hearing arguments from Archambault and the government, the court discussed the § 3553(a) factors. He explained that Archambault posed a risk to her child, had an extensive tribal criminal history not reflected in her guideline category, and had performed poorly on pretrial release. The district court concluded that the nature and circumstances of the offense and Archambault's history and characteristics justified an upward variance under § 3553(a)(1). She was then sentenced to 18 months imprisonment.

Archambault appeals the substantive reasonableness of her sentence. We "review the imposition of sentences, whether inside or outside the Guidelines range," under a "deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court "abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id.

Archambault argues that her sentence was substantively unreasonable because the district court gave too much weight to her tribal court convictions. Her argument fails because a court may "give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010). The district court expressly considered the § 3553(a) factors when it applied an upward variance, discussing the risk Archambault posed to her child, her poor behavior on supervised release, and a serious record of tribal court convictions not reflected in her criminal history

category.  It was "within the court's discretion to determine what weight to give each factor in the determination" of Archambault's sentence.  <u>United States v. Gasaway</u>, 684 F.3d 804, 808 (8th Cir. 2012).

An upward variance may be based on "the need to protect the public" and "criminal history not accounted for in [a defendant's] criminal history category." <u>United States v. Jones</u>, 612 F.3d 1040, 1045 (8th Cir. 2010).  Moreover, pretrial conduct "including conduct while free on bond, is an appropriate consideration under § 3553(a) because it is relevant to the history and characteristics of the defendant, and to the need for the sentence to promote respect for the law."  <u>United States v. Schlosser</u>, 558 F.3d 736, 742 (8th Cir. 2009).  The district court properly considered each of these factors here.  Thus, giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," we conclude that the district court did not abuse its discretion in imposing an 18 month term of imprisonment.  <u>United States v. Ruvalcava-Perez</u>, 561 F.3d 883, 887 (8th Cir. 2009).

For these reasons we affirm the judgment of the district court.

_____