# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1224

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Doran Chapman, also known as Kevin Chapman, also known as Kevin
Duran Chapman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 15, 2017
Filed: January 16, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Appellant Kevin Chapman pled guilty to one count of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] imposed a guideline sentence of 77 months imprisonment. Chapman appeals his sentence, arguing the district court erred by enhancing his base offense level under U.S.S.G. § 2K2.1(a)(4)(A) due to a prior crime of violence and further enhancing his offense level under § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense." We affirm.

"We review a district court's interpretation and application of the guidelines de novo and its factual findings regarding enhancements for clear error." United States v. Aguilar, 512 F.3d 485, 487 (8th Cir. 2008).

I.

Chapman argues that neither of his prior convictions for aggravated assault are crimes of violence. The guidelines define "crime of violence" as a crime "punishable by imprisonment for a term exceeding one year" and which either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) is one of a list of enumerated generic crimes, including "aggravated assault." § 4B1.2(a). The generic crime of aggravated assault consists of criminal assault accompanied by an aggravating factor, including "intent to cause serious bodily injury." United States v. Gomez-Hernandez, 680 F.3d 1171, 1178 (9th Cir. 2012).

In 2007, Chapman was convicted of aggravated assault with intent to inflict serious injury, Iowa Code §§ 708.1, 708.2(1).[2] Section 708.1 is Iowa's simple assault

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

[2]On the same day, Chapman was also convicted of aggravated assault with use or display of a dangerous weapon, Iowa Code §§ 708.1, 708.2(3). Because we

statute, while 708.2(1) specifies that assault as defined in §708.1 is aggravated if committed "with the intent to inflict a serious injury upon another." Section 702.18 defines "serious injury" as any of the following:

a. Disabling mental illness.
b. Bodily injury which does any of the following:
    (1) Creates a substantial risk of death.
    (2) Causes serious permanent disfigurement.
    (3) Causes protracted loss or impairment of the function of any bodily member or organ.
c. Any injury to a child that requires surgical repair and necessitates the administration of general anesthesia.

Chapman argues that because Iowa defines "serious injury" to include a "disabling mental illness," one may commit aggravated assault without intent to inflict serious *bodily* injury, and that aggravated assault under § 708.2(1) is therefore not a categorical match with generic aggravated assault. After extensive review of Iowa decisions, we conclude there is only a mere "theoretical possibility," rather than a "realistic probability," that Iowa would apply its aggravated assault statute, § 708.2(1), to criminalize assault with intent to inflict a disabling mental illness alone. See Fletcher v. United States, 858 F.3d 501, 507 (8th Cir. 2017). We have not found a single case in which a defendant was charged with aggravated assault under § 708.2(1) based solely on intent to inflict disabling mental illness. Given that Chapman has not "point[ed] to [a] case[] in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues," Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007), we conclude that Iowa's aggravated assault with intent to inflict serious injury is categorically a crime of violence. That is because it encompasses generic aggravated assault. Since Chapman committed a prior crime of violence, the

_____

conclude aggravated assault with intent to inflict serious injury under § 708.2(1) is a crime of violence, we need not consider whether aggravated assault under § 708.2(3) is a crime of violence.

district court did not err by increasing his base offense level pursuant to § 2K2.1(a)(4)(A).

## II.

Second, Chapman argues that the government did not prove that he committed the Iowa crime of carrying weapons under Iowa Code § 724.4, and therefore a sentencing enhancement under § 2K2.1(b)(6)(B) was error. Section 2K2.1(b)(6)(B) provides for a four point offense level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." "In the absence of a conviction for another felony offense, the government must prove by a preponderance of the evidence all of the essential elements of the underlying felony offense, including the absence of any defenses." United States v. Betts, 509 F.3d 441, 445 (8th Cir. 2007).

The government alleged at sentencing that Chapman should receive a four point offense level enhancement because at the time he committed the instant offense of being a felon in possession of a firearm, he also possessed a firearm in connection with the felony offense defined in Iowa Code § 724.4. That statute states:

> [A] person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.[3]

§ 724.4(1). Such conduct is not a crime however if the person "goes armed with a dangerous weapon in the person's own dwelling or place of business, or on land owned or possessed by the person." § 724.4(4)(a).

---

[3]The parties agree that an Iowa aggravated misdemeanor qualifies as a "felony" for purposes of § 2K2.1(b)(6)(B).

The PSR provides the following description of the instant offense in relevant part: "The CI met with Chapman at [an address]. Chapman walked to the CI's vehicle, at which time the CI provided Chapman with a predetermined amount of money. Chapman entered the residence and returned shortly thereafter with a [pistol]." Chapman objected to this description of the offense as well as the portion recommending an enhancement under § 2K2.1(b)(6)(B), arguing that the dwelling exception in § 724.4(4)(a) applies and the government did not put forward evidence showing that the residence was not Chapman's dwelling. At the time of the offense, Chapman was under the supervision of a U.S. probation officer. At the sentencing hearing, the district court questioned the probation officer in open court, though the officer was not under oath. The probation officer stated that Chapman had never reported the address where the instant offense occurred as his residence. In a written response to Chapman's objections to the PSR, the probation officer also reported that Chapman had notified the probation officer of two other addresses for his personal residence.

While the preferable practice is to receive a probation officer's sworn testimony, when a defendant objects to statements in the PSR, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." United States v. Kozohorsky, 708 F.3d 1028, 1033 (8th Cir. 2013) (quoting U.S.S.G. § 6A1.3(a)). Sentencing judges are not "restricted to evidence derived from the examination and cross-examination of witnesses . . . but may . . . consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime." United States v. Chambers, --- F.3d --- (8th Cir. 2017) (citation omitted). "Whether the information is sufficiently reliable 'depends on the facts of the particular case and is committed to the sound discretion of the district court.'" Kozohorsky, 708 F.3d at 1033 (quoting United States v. Schlosser, 558 F.3d 736, 740 (8th Cir. 2009)).

It was not an abuse of discretion for the district court to find reliable the probation officer's unsworn report regarding which addresses Chapman had and had not reported as his residences. Furthermore, it was not clear error for the district court to conclude that because Chapman had not reported the address as his personal residence to the probation officer, though he had reported other addresses, the preponderance of the evidence demonstrated that the location of the crime was not Chapman's residence. Thus, the district court's guideline enhancement under § 2K2.1(b)(6)(B) was not in error.

Accordingly, the judgment of the district court is affirmed.

_____