# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1410

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Steven Boyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2020
Filed: April 9, 2020
[Unpublished]

_____

Before KELLY, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

Matthew Boyd appeals the district court's[1] imposition of the career offender enhancement (United States Sentencing Guidelines Manual § 4B1.1), based upon two prior drug trafficking offenses. Boyd argues the two offenses were really one continuing offense because (1) the convictions and sentences for the offenses were handed down on the same date and (2) because he was actually in custody throughout the relevant time period and the two offenses were therefore not separated by an intervening arrest. See U.S.S.G. §§ 4A1, 4B1.2(c) (indicating that prior convictions are counted separately if the sentences for the two felony convictions are counted separately, i.e., if the sentences were imposed for offenses separated by an intervening arrest). Boyd also challenges the reliability of the state court records used to prove the prior offenses and arrests. With the career offender enhancement, Boyd's sentencing range was 188 to 235 months. However, the district court varied downward to 144 months, believing it to be "the fair and just sentence." Without the career offender enhancement, the government contends that Boyd's Guidelines range would have been 130 to 162 months. Thus, the government points out that even if the district court erred in applying the enhancement, Boyd's sentence would likely have been the same.

We have reviewed the testimony of the probation officer at sentencing, and the record of the state court drug offenses at issue and are satisfied that the government met its burden to establish two separate drug trafficking offenses. The first offense, possession with intent to deliver methamphetamine, occurred on September 4, 2011, and Boyd was arrested on that date. The second offense, also possession of methamphetamine with intent to deliver, occurred on November 16, 2011. Because there was an intervening arrest (September 4, 2011) between the two offenses, there were indeed two separate offenses, qualifying Boyd for the career offender enhancement. United States v. Armstrong, 782 F.3d 1028, 1036 (8th Cir. 2015)

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

(noting that prior sentences–and therefore offenses–are counted separately if the defendant is arrested for the first offense prior to committing the second offense). Further, we reject Boyd's argument that the state court records used to establish the prior offenses and arrests were not sufficiently reliable, as the district court found them to be reliable after the probation officer testified. See United States v. Schlosser, 558 F.3d 736, 740 (8th Cir. 2009) (holding that the reliability of state court records for use at sentencing is within the district court's discretion and depends upon the particular facts of each case). Accordingly, we affirm.

_____