# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2674
_____

United States of America

*Plaintiff - Appellee*

v.

Lashawn Deron Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 20, 2021
Filed: October 20, 2021
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lashawn Deron Harris pled guilty to distributing meth, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(B). The district court[1] sentenced him to 240 months in prison. Harris appealed the district court's Career Offender determination. This

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

court reversed and remanded. *United States v. Harris*, 950 F.3d 1015, 1021 (8th Cir. 2020). At resentencing, the guidelines range was 87 to 108 months. The district court sentenced him to 132 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Harris argues his above-guidelines sentence is procedurally unreasonable. Reviewing for procedural error, this court reviews "the district court's application of the Guidelines de novo and its factual findings for clear error." *United States v. Bennett*, 659 F.3d 711, 714 (8th Cir. 2011) (cleaned up). The district court must find sentencing facts by a preponderance of the evidence. *United States v. Martin*, 777 F.3d 984, 998 (8th Cir. 2015). Harris contends the district court erred by relying on uncharged, "objected-to allegations of criminal conduct, which were not supported by reliable evidence of record," including "uncorroborated hearsay testimony." There is no merit to this contention.

The Presentence Investigation Report ("PSR") detailed multiple instances of Harris's violent conduct, including multiple shootings at cars and people, attacks on police officers, and other violent acts. Some of these acts resulted in convictions, others did not. Harris did not object to the PSR in his sentencing memorandum. In response to the government's sentencing memorandum, he contested the allegations that he shot at twelve people and had been involved in seven shootings. He also objected to the allegations of criminal activity for which he was not convicted. At sentencing, FBI Task Force Officer Robert Ephlin testified from police reports about many of these violent acts. Harris objected to the Officer's testimony as hearsay. The government responded that the testimony was necessary to rebut Harris's argument that the reports were unreliable.

"A sentencing court has a wide discretion and may consider any relevant information that may assist the court in determining a fair and just sentence." *United States v. Gant*, 663 F.3d 1023, 1029 (8th Cir. 2011). *See United States v. Schlosser*, 558 F.3d 736, 740 (8th Cir. 2009) (noting that Congress imposed "no limitation . . . on the information concerning the background, character, and conduct of a person

that a court may consider for the purpose of imposing an appropriate sentence" (internal quotation marks omitted)). "The Federal Rules of Evidence, with the exception of the privilege rules, do not apply to sentencing proceedings." *United States v. Irvin*, 219 Fed. Appx. 617, 619 (8th Cir. 2007). In fact, "[h]earsay evidence, even double hearsay, can be used at sentencing proceedings if it bears sufficient indicia of reliability to support its probable accuracy." *United States v. Shackelford*, 462 F.3d 794, 796 (8th Cir. 2006) (internal quotation marks omitted). "The determination of whether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case and is committed to the sound discretion of the district court." *Schlosser*, 558 F.3d at 740.

Here, the government showed Harris's violent conduct both through unobjected-to facts in the PSR and the testimony of Officer Ephlin, which the district court found sufficiently reliable. The district court did not clearly err in finding Harris engaged in violent conduct warranting an upward variance. *See United States v. Killian*, 803 Fed. Appx. 989, 990 (8th Cir. 2020) (holding that a "district court may consider information about prior arrests for purposes of an upward variance, particularly where the PSIR recites sufficient facts about the prior incidents"); *United States v. Harrison*, 809 F.3d 420, 424 (8th Cir. 2015) (holding that courts can rely on police reports containing observations of officers at the scene); *Schlosser*, 558 F.3d at 740 (rejecting the argument that the district court procedurally erred in relying on a police report in sentencing in part because the report was "detailed and convincing").

Harris also believes his above-guidelines sentence is substantively unreasonable. This court reviews for abuse of discretion. *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017). "A district court abuses its discretion in sentencing if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (internal quotation marks omitted). The district court justified varying upward "because of the history and characteristics of

the defendant and need for the sentence imposed and to protect the public from further crimes of the defendant and from the sheer violence of the defendant." There was no abuse of discretion. *See United States v. Parker*, 762 F.3d 801, 805 (8th Cir. 2014) (upholding upward variance on resentencing after reversal of Career Offender determination). *See also United States v. Lewis*, 576 Fed. Appx. 629, 631 (8th Cir. 2014) ("Prior criminal conduct, even if acquitted or uncharged, is part of the history and characteristics of the defendant that may be considered at sentencing.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____